THE CITY OF CHICAGO

*v.*

BRIDGET MOORE.

*Filed at Springfield November 2, 1891.*

1. NEGLIGENCE—*question of fact.* Negligence is a question of fact, and whether the plaintiff, suing for an injury caused by the negligence of the defendant, was also negligent, and thereby contributed to the injury, is to be determined by the jury from the facts and circumstances found. An instruction that the performance of certain acts, or a failure to perform certain acts, constitutes a bar to a recovery, is properly refused.

2. VARIANCE—*evidence consistent with declaration.* It is ordinarily sufficient if the plaintiff's evidence makes a case consistent with the declaration, and the jury believe the same to be true. In such case there is no variance.

3. SAME—*how taken advantage of—objection.* If there is a variance between the plaintiff's declaration and proofs, the defendant, by objection, may have the evidence excluded, or, after the conclusion of plaintiff's case, ask for a finding in defendant's favor.

4. If there is a variance between the case made by the declaration and the proof, the objection should be made in the trial court, so that it may be obviated by amendment.

5. INSTRUCTIONS—*court not limited to instructions asked.* The trial court is not limited to the giving or refusal of written instructions asked by counsel. If the judge sees proper he may prepare his own charge to the jury, but if he does so, he should embody in the charge, either literally or in substance, all proper instructions asked by counsel.

6. The trial judge may limit himself to the giving of instructions submitted by counsel which properly state the law, and no error can be predicated on such action, even if the law be thereby inadequately given to the jury.

7. SAME—*must conform to law—abstract propositions.* Although the trial court must see that the instructions given to the jury, not only separately, but as a whole, conform to the rules of law and the practice, it does not follow that because an instruction contains a correct proposition of law it shall be given.

8. SAME—*what a party may demand—right to modify.* All that a party has a right to demand is, that the law applicable to his case shall be given with accuracy and clearness to the jury, and the court may refuse erroneous instructions, modify them, or give instructions of its own, as it may deem proper and expedient.

9. SAME—*need not be repeated.* It has been repeatedly held by this court that it is not error to refuse instructions, however applicable and pertinent, when the material facts are given in other instructions.

10. SAME—*should include all propositions of law applicable, and asked.* The utmost care should be taken by the trial judge to include within his charge every proposition of law applicable to the facts of the case embraced in the instructions asked, and such others as he may deem necessary to the attainment of justice. His language should be clear and impartial, and convey to the jury the law of the case in terms they will comprehend.

11. SAME—*assuming fact not in dispute.* Where there is no dispute as to the existence of a fact which is assumed in the instructions asked by a party, he can not be heard to complain that the existence of such fact is assumed in an instruction given by the court on its own motion, in lieu of those asked by the parties.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. JACOB J. KERN, City Attorney, and Mr. WILLIAM E. HUGHES, of counsel, for the appellant:

Instructions may be modified by the court, but error may be assigned on the refusal of the court to give them as asked. It may instruct of its own motion, and supply any omission or want of observation by counsel. *Railroad Co.* v. *Jacobs*, 20 Ill. 478.

The trial court is bound to give instructions properly drawn, correct in point of law, and applicable to the evidence, in all cases, when requested by a party, except, first, when the matter of the instruction requested is sufficiently covered by instructions already or thereafter given; second, when the request for the instruction comes too late; or third, when the state of the case is such that there is no case to be submitted to the jury. 2 Thompson on Trials, p. 1703, sec. 2347.

A refusal by any trial judge to give proper instructions, which were presented in due season, is error. *Bowman* v. *Wettig*, 39 Ill. 416.

It is the duty of the judge, when requested, to instruct the jury upon every point of law pertinent to the issues. In preparing instructions, each party may assume any reasonable hypothesis in relation to the facts of the case, and ask the court to declare the law as applicable to it, and it is error to refuse an instruction so framed because the case supposed does not include some other hypothesis equally rational. *Hays* v. *Paul*, 51 Pa. St. 134; *People* v. *Taylor*, 36 Cal. 255.

Each party has the right to have the jury instructed upon the law of the case clearly and pointedly, so as to leave no reasonable ground for misapprehension or mistake, and if the instructions of the court fail thus to instruct, it is error to refuse one calculated to cure the omission. *Muldowney* v. *Railroad Co.* 32 Iowa, 176; *Morris* v. *Platt*, 32 Conn. 75; *Nells* v. *State*, 2 Texas, 280; *Carpenter* v. *State*, 43 Ind. 371.

It is the duty of every judge to see that every case so goes to the jury that they have clear and intelligent notions of the points they are to decide, and to this end he should give necessary instructions, whether so requested by counsel or not; and his failure so to do is held ground for a new trial, where the verdict was not one which effectuated justice between the parties. *Owen* v. *Owen*, 22 Iowa, 270; *State* v. *Brainard*, 25 id. 572.

It is the duty of the court to instruct the jury as to issues joined in the pleadings, and to determine from the pleadings what allegations are admitted and what denied. *Pharo* v. *Johnson*, 15 Iowa, 560 ; *Potter* v. *Railroad Co.* 46 id. 399 ; *Dassler* v. *Wisely*, 32 Mo. 498.

When the evidence tends to prove a certain state of facts either party has a right to have the jury instructed on the hypothesis of such state of facts, and leave it to the jury to find whether the evidence is sufficient to establish the facts supposed in the instruction. If the instructions are pertinent to any part of the testimony, they should, if correct, be given, without regard to the amount of evidence to which they apply. *Griel* v. *Marks*, 51 Ala. 566 ; *State* v. *Gibbons*, 10 Iowa, 117 ; *Kendall* v. *Brown*, 74 Ill. 232.

Mr. W. S. JOHNSON, for the appellee :

Every one of appellant's instructions asked assumed that there was a sidewalk, and if the court, in its own charges, assumed the same thing, then counsel can not complain. *Underwood* v. *Wolf*, 31 Ill. App. 646.

The court was not bound to give each of the instructions asked by the appellant when he gave his own charges covering every material point in them. *Railroad Co.* v. *Lane*, 30 Ill. App. 443 ; *Insurance Co.* v. *Pulver*, 126 Ill. 329.

Mr. JUSTICE SHOPE delivered the opinion of the Court :

This was a suit for personal injury, alleged to have been received by defendant because of a defective sidewalk over and upon which she was passing with due care and caution, and which appellant was required to keep in safe repair and condition. The trial resulted in a verdict for plaintiff, which, on appeal to the Appellate Court, was affirmed.

Counsel for appellant have, seemingly, filed in this court their brief filed in the Appellate Court, containing an elaborate discussion of the facts, which must in this court be deemed as

being settled adversely to their contention by the judgment of the Appellate Court.

The first point made which we will consider is, that the court erred in refusing all instructions asked, and giving one prepared by the court in lieu thereof. It is insisted with great earnestness, that under the practice in this State, and under the statute, the respective parties have the right to have instructions given or refused by the court as asked by them, and that it is error for the court to refuse an instruction containing a correct proposition of law applicable to the facts, although an instruction embodying every material phase thereof be given in an instruction or instructions prepared by the court. It is said "that there is no place under our law for instructions by the court *sua sponte*, except when counsel have failed to present proper instructions, and the justice of the case demands that the judge supply the omission." The contrary to this contention has been so repeatedly held, and the practice of giving a charge prepared by the court, and containing all of the material points covered by the instructions asked, has been so often commended by this court, that the question ought to be regarded as settled in this State. *Hill et al.* v. *Parsons et al.* 110 Ill. 111; *Hanchett* v. *Kimbark et al.* 118 id. 132; *Birmingham Fire Ins. Co.* v. *Pulver*, 126 id. 329.

In the latter case, in speaking of this practice, we said: "The propriety of the practice thus adopted is challenged, the proposition contended for seeming to be, that in this State the functions of the court in the matter of instructing a jury are practically limited to giving or refusing the written instructions asked by counsel. Such, clearly, is not the case. True, he may, if he sees fit, limit himself to giving the instructions submitted by the counsel which properly state the law, and then, even though the law be inadequately given to the jury, no error can ordinarily be predicated upon such action, because if counsel had deemed other instructions necessary, they might and should have asked them. But where the judge sees proper

to do so, it is competent for him to prepare his own charge to
the jury, but if he does so, he should embody in it, either
literally or in substance, all proper instructions asked by
counsel." See, also, *Chicago and Iowa Railroad Co.* v. *Lane,*
30 Ill. App. 443.

The statute prescribes that the court charging the jury shall
instruct as to the law, only, (Practice act, sec. 51,) and that
no judge shall instruct a petit jury unless the instructions be
reduced to writing. (Practice act, sec. 52.) Section 54 pro-
vides, that when instructions are asked "which the judge can
not give," he shall mark the same refused, "and such as he
approves he shall write on the margin thereof, given," and he
is then prohibited from qualifying, modifying or explaining
the same, otherwise than in writing. The court must see that
the instructions given to the jury, not only separately, but as
a whole, conform to the rules of law and practice in our courts.
It by no means follows, because an instruction contains a cor-
rect proposition of law, that it must meet the approval of the
judge, and must therefore be given. Each party to the litiga-
gation has a right to demand that the law applicable to his
case shall be given with accuracy and clearness to the jury.
But this is all that he has a right to demand, and it was early
held, under this statute, that the court might refuse erroneous
instructions, modify them, or give instructions of its own, as
it might deem expedient, (*Vanlandingham* v. *Huston*, 4 Gilm.
125,) and such has been the uniform holding ever since. And
it has been so repeatedly held that it is not error to refuse
instructions, however applicable and pertinent, when the mate-
rial parts are given in other instructions, that the citation of
authority seems unnecessary. Here appellant asked seven-
teen instructions. A careful consideration of them will show,
as it is conceded, that the instruction prepared and given by
the court contained every important or material proposition
embodied therein, except the fourth instruction asked and re-
fused, in respect of which, as we shall see hereafter, appel-

lant has no cause of complaint. If the jury were accurately instructed in respect of each proposition contained in the instructions asked, proper to be given, the party can not be heard to complain.

It is, however, said, that the instructions prepared by the counsel presented the questions sharply and incisively, while those of the court are more moderate in expression and less forceful. This may be conceded without affecting the result. As said by the Appellate Court: "The instructions handed up come to the judge from partisan hands, and have been drawn as carefully as the skill of the lawyer can accomplish it to present a partisan view, or to convey a hint, suggestion or intimation of advantage to his client. The same legal rule may be stated in a differently arranged combination of words by the judge, and be, as it is very likely to be, coldly impartial, and entirely colorless in its statements of facts on which it is based." The utmost care should be taken by the judge to include within the charge every proposition of law applicable to the facts of the case embraced within the instructions asked, and such others as he may deem necessary to the attainment of justice. His language should be clear and impartial, and convey to the jury the law of the case in terms they will comprehend. When this is done the practice is to be commended, rather than the other, which too frequently leaves the mind of the juror in uncertainty as to what is meant by the disjointed, and, to his mind, disconnected and conflicting, propositions of law, and which embarrass and mislead him perhaps quite as often as they lead him to correct conclusions.

It is, however, contended, that the court erred, first, in assuming in its charge the existence of a sidewalk at the place of injury to plaintiff; and second, that the charge given did not cover the propositions of law contained in appellant's fourth instruction.

In respect to the first point, it will be sufficient to say, if the charge delivered by the judge can be justly made to assume

that fact, appellant is in no condition to complain. By the eighth, twelfth, fourteenth, fifteenth, sixteenth and seventeenth instructions asked by the city, it is assumed that there was a sidewalk at the place of injury, while in others the question is presented as if there was a sidewalk, upon which the appellee was walking when she received the injury complained of, by reason of its being out of repair. On the other hand, in none of the instructions asked is there anything raising the question, or directing the attention to the contention, that the sidewalk had been previously removed. If, therefore, the court erred in the assumption named, it did so by the invitation of the appellant, and by adopting the language of the instruction asked by it. The most careful examination of the instruction asked would not disclose the slightest intimation that the point made was insisted upon, and the court, by the repeated assumption of the fact that the injury occurred upon or by reason of the defective sidewalk, was justified in assuming that the contention was abandoned.

It may also be conceded that in the charge of the court there is nothing equivalent to or taking the place of the fourth instruction as asked by appellant. The only correct principle that can be said to be contained in the instruction was, however, given to the jury in that part of the charge which told them "the law required of the plaintiff that she should exercise ordinary care for her safety," and if she failed to do so, and this failure on her part contributed to the injury, she could not recover. The fourth instruction, as asked, sought virtually to inform the jury that certain acts, or a failure to perform certain acts, would constitute a bar to a recovery. Negligence is a question of fact, and whether the plaintiff was negligent, and thereby contributed to the injury, was to be determined by the jury upon consideration of the attending facts and circumstances proved. (*Frana* v. *Pennsylvania Co.* 112 Ill. 398; *Hutchinson* v. *Railway Co.* 120 id. 587; *Myers* v. *Indianapolis and St. Louis Railroad Co.* 113 id. 386, and cases cited.) This

precise instruction was refused in *City of Chicago* v. *McLean,* 133 Ill. 148, and its refusal assigned as error. We there said: "The plaintiff * * * was bound to make reasonable use of her faculties when walking along the sidewalk, in order to avoid danger; but what was such reasonable use was a question of fact, to be determined by the jury under the circumstances disclosed by the evidence," and the instruction was condemned. The court is not required to pronounce to the jury an incorrect proposition of law.

Complaint is made that there was a variance between the case made by the declaration and the proof. This, as we understand the case, can not be held to be true as relating to plaintiff's evidence, and it will ordinarily be sufficient if the plaintiff's evidence makes a case consistent with the declaration, and the jury believe the same to be true. (*City of Rock Island* v. *Cuinely,* 126 Ill. 408.) But if the contention be true and the variance existed, the objection came too late, for the first time, in the Appellate Court. No objection on account thereof was made in the trial court, where amendments could have been made to meet the evidence and the effect of the variance avoided. If it existed, appellant, by objection to the evidence at the proper time, could have had it excluded, or, after its exclusion, asked for a finding in its favor, neither of which was done. Nor do we find any mention of it in the reasons assigned for a new trial, or in the assignment of errors in the Appellate Court. The objection comes too late in the Appellate Court, if it can be said to be covered by errors there assigned. The cases of *City of Mattoon* v. *Fallin,* 113 Ill. 249, and *Wight Fire Proofing Co.* v. *Poczekai,* 130 id. 143, are in point, and conclusive of the question involved.

Finding no error in this record for which the judgment should be reversed, it is affirmed.

*Judgment affirmed.*