## A. L. Deane et al. v. Michigan Stove Company.

1. PRESUMPTIONS—*Where the Declaration is not Abstracted.*—Where the declaration is not shown by the abstract, if the evidence sustains any cause of action, the court will presume that the declaration has well stated it, and the judgment must stand, but if upon no theory of law a recovery could be sustained under the evidence, then the judgment must be reversed.

2. DAMAGES—*Sale of a Burglar Proof Safe.*—Appellants sold to appellee a safe for $175, warranting to be burglar proof, if certain directions furnished for locking it were followed; the directions were incomplete, and although followed, burglars, without the use of force, opened it and stole $441.05. In an action upon the warranty the appellee recovered the amount stolen. *Held*, the recovery was proper.

Assumpsit, upon a warranty. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term,1896. Affirmed. Opinion filed March 8, 1897.

MILTON I. BECK, attorney for appellants.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellants were dealers in safes, and sold to the appellee a second-hand burglar-proof safe. At the time of making the sale the appellants delivered to appellee what purported to be, and what they represented as being, correct written instructions for locking and unlocking the safe, which, however, were in fact incomplete in the omission of an instruction or direction which was essential to securely lock the safe against any experienced safe opener, although without it the safe would be apparently securely locked.

Appellee placed the safe in its fire-proof vault and used it for about two years, and always locked and unlocked it according to the directions so furnished.

Deane v. Michigan Stove Co.

Finally, however, burglars at night time forced open the vault door by violence, and without any apparent use of force upon the safe itself, unlocked it and stole $441.05 in money from it.

The appellee sued and recovered judgment for the amount of money so stolen.

The price paid for the safe was $175.

The appellee was a dealer in stoves, and had a place of business in Chicago. Just before the negotiations for the safe in question were begun, a fire-proof safe which appellee had been using in its business was burglarized, and that fact was stated to appellants, or their salesman, by an agent of appellee when he went to appellants' store and applied for a burglar-proof safe, and he was further told that the object appellee had in getting another safe was to avoid a repetition of being burglarized.

Previous to that interview, but after the first burglary, the cashier of the appellants, who sometimes also acted as their salesman, went to appellee's place of business and upon examination found that the safe which had been the subject of the first burglary was only fire-proof, and he recommended the purchase by appellee of a burglar-proof safe.

It would seem, therefore, that there was contemplated by the parties a purchase by one and a sale by the other of what is known as a burglar-proof safe, which, when properly locked, would be reasonably safe against ordinary attacks by a burglar. We can not give to their contract a meaning that the safe should be burglar-proof against all attacks by burglars, for there was undisputed evidence that no such safe was or could be made, but only the meaning that it should be burglar-proof in the commercial sense, as distinguishing it from the commercially known fire-proof safe.

To constitute such a safe it was proved that a combination lock was an essential part, and that to be effectual and practicable, the combination must be properly set, and, of course, must be known to the user of the safe.

It is undisputed that the written directions for locking and unlocking the safe were incomplete. The locking of

the safe according to those directions left the safe only apparently secure, while to an experienced safe opener no more than ten seconds would be required to open the door, as was demonstrated by appellants' representative, who, after locking the safe according to such directions, opened it in that space of time the morning after the burglary.

The declaration is not abstracted, as required by the rules of this court. It is only mentioned in one place as " narr," and in another as " amendment to narr," with the dates of filing, and although the point is specifically insisted upon in appellee's brief, no attempt has been made by appellant to file a better abstract.

If, therefore, as we have frequently held, the evidence sustains any cause of action, we will presume the declaration has well stated it, and the judgment must stand, but if upon no theory of law a recovery could be sustained under the evidence, then the judgment must be reversed. See, also, City of Chicago v. Moore, 139 Ill. 201; McCormick, etc., v. Burandt, 37 Ill. App. 165; and same case in 136 Ill. 170.

The case was tried by the court without a jury, and the evidence appears to be sufficient to sustain the finding that there was a warranty by the appellants that the safe was burglar-proof, within the commercial and ordinary sense of that term, and that the directions for locking the safe would, if followed, render the safe reasonably secure, when so locked, against an ordinary attempt by a burglar to open it.

There was clearly a breach of the warranty in the latter respect, although not in the former. So far as the safe itself was concerned, considered separately from the directions to lock it, there is nothing to show that it was not what it was represented to be. It was in no manner broken or impaired, nor was the lock itself. Both safe and lock were as perfect after as before the burglary, and as well prepared as ever to perform the duty for which it was purchased.

The whole fault of appellants was in furnishing incomplete directions how to manipulate the lock. Because of

their failure therein, the safe was easily burglarized, and appellee's loss of money ensued.

No question is made but that the safe was locked according to the directions that were furnished by appellants, and it was proved that with a lock of that kind properly set, the door of the safe would be substantially as impervious to attack by one who did not know the combination, as any other part of the safe.

No point is made by appellants that the amount of money which was left in the safe by appellee and taken from it by the burglars was an unreasonable risk to subject the safe to; nor is it claimed by the appellee that the appellants were guilty of any willful deceit or fraud in the transaction.

Questions of much nicety arise upon such a state of facts, and we have been cited to no case in point, nor have we been able, after considerable diligence, to find one.

The general rule enunciated in many cases, and pretty well understood, is that for a breach of warranty the damages, if anything more than nominal, are such only as follow as a natural and proximate consequence from the breach.

Here, however, we have the unusual intervention of a third person—the burglar—from whose acts the loss immediately came. Of course, the burglar would be liable for the tort committed by him, but are not the sellers of the safe liable upon their breach of contract, because thereby the tort committed by the burglar was induced and rendered easy of accomplishment?

It seems to us to be no undue stretch of the other well established rule, that if the damages suffered be such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it, to hold that under the evidence in this case, the very intervention of a burglar was the essential element that both parties contemplated as being the thing to be guarded against, and concerning which the warranty was interposed.

If so, then the consequence that followed was the natural

and proximate result of the breach, and the recovery was right.

Authorities consulted by us may be found in Sedgwick on Damages, Benjamin on Sales, Sutherland on Damages, 5 Am. & Eng. Ency. of Law, title, "Damages," Wait's Actions and Defenses, and Herring v. Skaggs, 62 Ala. 180.

The judgment is affirmed.

MR. JUSTICE GARY.

It is easy to imagine cases where the loss might be so disproportionate to the price of the safe that it would seem difficult, if not impossible, to treat it as the measure of damages. The case of a passenger carrier sued in assumpsit for the loss of luggage seems most analogous.

In such a case the passenger may recover a reasonable amount for money carried in his trunk. Ill. Cent. R. R. v. Copeland, 24 Ill. 332; Hutchinson on Carriers, Chap. 13.