## Village of. Upper Alton v. Laura Green.

1. EVIDENCE—*when question calls for a conclusion.* A question as follows—" How could it be possible to discover a defect in that plank previous to the accident,"—is improper in that it calls for the conclusion of the witness.

2. INSTRUCTION—*effect of use of word " street " instead of " sidewalk " in an.* The inadvertent use of the word "street" instead of "sidewalk " in an instruction in an action against a municipality for injuries arising from falling on an alleged defective sidewalk, held not calculated to mislead the jury.

3. VERDICT—*when, not disturbed.* A verdict will not be disturbed as against the weight of the evidence unless the court can say upon the whole evidence that the verdict is the result of passion, prejudice or mistake.

4. ORDINARY CARE—*how proof of, made.* Ordinary care may be proved by showing the circumstances of the occurrence and the conduct of the plaintiff in the event from which the injury resulted.

5. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law.* A person injured by falling upon an alleged defective sidewalk is not guilty of contributory negligence, as a matter of law, merely in having failed to keep a constant watch upon said sidewalk while passing along the same.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904.

JOHN F. McGINNIS, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case for damages, brought by appellee against appellant, in the Circuit Court of Madison County. A trial by jury resulted in a verdict of $1,260 for the plaintiff. Plaintiff remitted $450. A motion by defendant for a new trial was overruled and judgment for $810 for plaintiff was entered. Defendant appealed.

There was but one count in the declaration, to which defendant pleaded not guilty. Plaintiff alleges that defendant, village of Upper Alton, had control of a certain side-

walk along Liberty street in said village, " and while it so had control of said sidewalk, the said village having had reasonable time and opportunity after having received knowledge of such unsafe condition to have put same in proper condition for use, to wit, on the 28th day of August, 1901, there wrongfully and negligently and without reasonable diligence *suffered the same to be and remain in bad and unsafe repair and condition* and unfit for travel, and divers of the planks wherewith the said sidewalk was said, to be and remain broken and unfastened," whereby the plaintiff was injured, etc.

The walk in controversy was made of four pine planks, twelve or fourteen feet in length, twelve inches wide and two inches thick, laid on two by four stringers, side by side, lengthwise of the walk. The second plank from the outside of the walk had been broken between the stringers by a horse stepping upon it sometime prior to the injury. The pieces of the broken plank were not entirely severed but held together by fibers on the top side of the board and apparently with sufficient strength, when relieved of pressure, to draw the broken ends within an inch or two of the sidewalk level. When stepped upon, the ends of the boards would sink from two to five inches to the ground. On August 28, 1901, plaintiff, walking along said sidewalk, stepped upon the broken plank, which gave way and caused her to fall, whereby she received the injury complained of, and for which this suit was brought. The errors assigned will be considered in the order of their argument by appellant.

George Sims, a witness for defendant, was asked, " How could it be possible to discover a defect in that plank previous to the accident ? " The court sustained an objection to this question, to which ruling defendant excepted. Clearly the court ruled correctly. The question was improper and irrelevant. The matter of inquiry was not to determine how a defect in the plank could possibly be discovered, but whether under the conditions and circumstances shown by the evidence, the defendant, in the exercise of ordinary care, could have discovered and repaired

the defective walk. The question called for a conclusion of the witness upon facts to which he testifies. To allow this would invade the province of the jury. The purpose and effect would be to substitute the judgment of the witness for that of the jury.

The inadvertent use of the word "street," instead of "sidewalk," in second of plaintiff's given instructions cannot be regarded as in the slightest degree calculated to mislead the jury or in any way to have prejudiced the defendant in the trial.

There was no error in the modification of defendant's instructions 4, 6 and 7, nor in the refusal to give instructions 1 and 2. The modification of the fourth instruction directs the consideration of the jury to the condition of the sidewalk " at the time of the injury." The modifications of the sixth and seventh were necessary to a correct statement of the law intended to be conveyed, and may fairly be regarded as the generous consideration of the court in aid of the defendant. The first and second of defendant's refused instructions, if given, would have withdrawn from the jury material questions of fact which were for the jury and not the court to determine. For this reason these instructions were properly refused.

There is here a substantially clear record, so far as error in the ruling of the court upon the testimony or in the giving and refusing of instructions has been pointed out, and with this, the verdict and judgment must stand, unless the contention of appellant, that the verdict is manifestly against the clear preponderance of the evidence, prevails.

In McLeansboro v. Trammel, 109 App. 524, a case not unlike this in the questions of law and fact involved, we had occasion to say what is equally applicable here. " In actions of this kind the negligence of both parties to the suit is involved. Was the defendant negligent in the manner charged ? Was the plaintiff in the exercise of ordinary care as alleged ? These are questions answered by the verdict, and unless the court can say upon the whole evidence that the verdict is the result of passion, prejudice or mis-

take, it may not be disturbed or the judgment thereon set aside." Parties have a right to the trial of disputed questions of fact by a jury. To the jury is submitted the testimony of witnesses, the evidence of facts and circumstances from which conclusions are to be drawn and a verdict rendered, and it necessarily follows that the credibility of testimony and the weight of evidence rests entirely with the jury. It may not be contended in this case that there is a total lack of evidence in support of any fact material to the plaintiff's right to recover. The evidence tends to prove a broken board, a defective sidewalk, the injury and the cause thereof, timely actual notice to the defendant, a period of duration from which notice may be inferred, negligence on the part of the defendant and due care on the part of plaintiff—all this, it may be said, there is evidence tending to prove. That the plaintiff was injured at the time and in the manner and from the cause alleged, is not disputed. There is little dispute as to the fact that there was a broken board and the sidewalk was defective. It is contended that the defendant's officers had no knowledge of the broken board and that there was nothing in the character and duration of the defect by which the defendant could be held to constructive notice. Henry Scovall, a witness for the defendant, testified: "I was village marshal at the time. I saw the place in the sidewalk about three or four months before the injury. I did not consider it dangerous and did not report it to the village board. I used to step on the board to see if it would break through. It was my duty to notify the authorities if there was any defect in the sidewalk." This was proof of actual notice. That the witness did not comprehend the danger to pedestrians in the use of the walk and did not regard the defect of such character as need to be reported for repair, would not relieve the defendant of liability. His ignorance, incompetence or negligence in this respect would not exonerate the defendant, if the jury should find from the evidence that a reasonably prudent and careful person would have acted differently under the circumstances. The testimony

of Scovall tended, likewise, to prove that the defect was apparent for three or four months prior to the injury and the testimony of other witnesses tended to corroborate him in this.

Whether the plaintiff prior to, and at the time of the injury was in the exercise of ordinary care for her own safety, was to be determined by the jury from all the evidence. The plaintiff was required to prove ordinary care on her part, and this may be done by showing the circumstances of the occurrence and the conduct of the plaintiff in the event from which injury resulted. The plaintiff may be held to a reasonable use of her faculties, (the faculty of sight in this instance), to avoid injury, and failing to do so, would be contributory negligence and bar the action. A failure to keep constant watch of the walk in search of defects which may or may not be readily apparent, does not necessarily preclude recovery. Evidence of such failure is not to be construed by the court as negligence *per se*, as requested by the defendant in its second refused instruction, but must be submitted to the jury to determine whether such failure in a given case constitutes a lack of ordinary care. Chicago v. McLean, 133 Ill. 148; Chicago v. Moore, 139 Ill. 201; Chicago v. McCrudden, 92 App. 257. "A pedestrian may ordinarily assume that the sidewalk is in a reasonably safe condition for travel. To hold that such person is absolutely bound to keep his or her eyes constantly fixed on the sidewalk in search of possible holes or other defects, would be to establish a manifestly unreasonable and wholly impracticable rule." Chicago v. Babcock, 143 Ill. 358.

Though no bones were broken, the injury to the foot and ankle seems to have been severe and of long duration. The damages allowed may not be regarded excessive. There was a fair trial of the issues made by the pleading, and nothing appearing from the record to justify a reversal of the judgment, it will therefore be affirmed.

*Affirmed.*