## SLOAN v. HERRICK.

### Joint Tort-feasors.  Release.

In trover before a justice against defendant and H. for the joint conversion of a pistol, judgment was rendered against H. and for defendant, and appeals taken by H. and plaintiff, whereupon plaintiff, by agreement with H., discontinued as to him, without costs. *Held*, that the discontinuance was no legal satisfaction of the tort, and no bar to a recovery of full damages against defendant.

Trover for a pistol, with a count in trespass, appealed from the. judgment of a justice of the peace. Pleas, the general issue, with notice of special matter, and a special plea in bar that the alleged trespass was committed by the defendant jointly with one Henry Hinckley, and that plaintiff released and discharged Hinckley. Replication, that upon trial before the justice, defendant and Hinckley severally pleaded the general issue, and upon trial then had, defendant was found not guilty, and judgment was rendered against plaintiff as to him, from which plaintiff appealed; that Hinckley was found guilty, and judgment rendered against him for damages and costs, from which he appealed; that within two hours of the rendition of judgment, the case was by agreement with Hinckley discontinued as to him without costs, and that that was the release and discharge mentioned in the plea, and that the plaintiff never received from said Hinckley, nor any one, any payment or satisfaction for said trespass. Rejoinder, that defendant and said Hinckley did not severally plead the general issue as alleged in the replication. On trial by the court, September Term, 1876, Royce, J., presiding, it appeared from the justice's record that the defendant and Hinckley did severally plead the general issue, and that the suit was discontinued as to Hinckley as alleged in the replication; and it otherwise appeared that the pistol was taken and converted by defendant and Hinckley jointly, and that nothing was ever paid by Hinckley on account of said discontinuance, nor any one in satisfaction of the. judgment. Judgment for plaintiff; exceptions by defendant.

*C. G. Austin,* for defendant, cited *Catlin* v. *Taylor,* 18 Vt. 104; *Armstrong et ux.* v. *Colby,* 47 Vt. 359.

*C. P. Hogan,* for plaintiff, cited 2 Saund. Pl. & Ev. 1164; *Sanderson* v. *Caldwell,* 2 Aik. 195; *Chamberlin* v. *Murphy,* 41 Vt. 110; *Dufree* v. *Hutchinson,* 3 Taunt. 117; *Livingston* v. *Bishop,* 1 Johns. 290; *Thomas* v. *Rumsey,* 6 Johns. 26; *Eastman* v. *Grant,* 34 Vt. 387.

The opinion of the court was delivered by

Ross, J. In actions of tort, nothing less than what in law is regarded a legal satisfaction of the tort by one joint tort-feasor, will operate to discharge the other joint tort-feasor. Neither the recovery of a judgment against one joint tort-feasor that remains unsatisfied in whole or in part, nor the release of one on the receipt of part satisfaction for the tort, when it is expressed in the release that the sum paid is received only in part satisfaction, operates to bar the injured party from pursuing the other joint tort-feasors for so much of the tort as remains unsatisfied. *Sanderson* v. *Caldwell,* 2 Aik. 195; *Spencer* v. *Williams,* 2 Vt. 209; *Eastman* v. *Grant,* 34 Vt. 387; *Chamberlin* v. *Murphy,* 41 Vt. 110.

It is quite probable that the discontinuance of this suit against Hinckley by the plaintiff, on Hinckley's agreement to waive his claim for costs, under the circumstances, operated, on the doctrine announced in *Catlin* v. *Taylor,* 18 Vt. 104, and in *Armstrong et ux.* v. *Colby,* 41 Vt. 359, to preclude the plaintiff from further pursuing Hinckley on this cause of action. It is found that the plaintiff received no satisfaction for the tort from Hinckley. The discontinuance of the suit as to Hinckley, taken in connection with the circumstances attending it, does not import a legal satisfaction of this tort. Hence, on the principle first announced, and the authority of the cases cited in its support, Herrick, who is found to have been a joint trespasser with Hinckley, cannot make available the plaintiff's relinquishment of Hinckley without satisfaction, to bar the plaintiff's right to prosecute the suit against him. Before such relinquishment, Herrick was liable to the plaintiff for all the damages sustained by him from the tort.

The tort has not been satisfied, neither has Herrick's liability therefor been enlarged by the plaintiff's relinquishment of his right to pursue Hinckley, and there is no legal reason why Herrick should be allowed to use that relinquishment to defeat the plaintiff from recovering from him satisfaction for the damages that his tort occasioned to the plaintiff.

Judgment affirmed.