## THE CITY OF CHICAGO

## v.

## EMMA BABCOCK.

*Filed at Ottawa October 31, 1892.*

1. NEGLIGENCE—*of a city—allowing opening in sidewalk.* It is negligence on the part of a city to permit the owner or occupant of premises to make an opening in the adjoining sidewalk, and to permit a trapdoor for such opening to be left open, so that pedestrians may fall therein.

2. SAME—*care required of injured party.* A pedestrian upon such sidewalk may ordinarily assume that the same is in a reasonably safe condition for travel. He is not absolutely bound to keep his eyes constantly fixed on the sidewalk, in search of possible holes or other defects therein.

3. SAME—*due care, a question of fact.* A person passing along a sidewalk in a city is required to use ordinary and reasonable care and diligence to avoid danger, but what is such care depends upon the circumstances of each particular case, and is a question of fact for the jury.

4. PLEADING—*matter of defense arising after suit brought.* It is a general rule of the common law that a matter of defense which arises after suit brought, and before plea, must be pleaded to the further maintenance of the action, and that a defense which arises after plea filed, and either before replication or after issue joined, must be pleaded *puis darrein continuance.*

5. An action on the case is an exception to this rule. In such an action the defendant is permitted, under the general issue, to give in evidence a release, a former recovery, a satisfaction, or any other matter *ex post facto* which shows that the action has been discharged, or that in equity and conscience the plaintiff ought not to recover. To this

last rule there are some exceptions, such as the Statute of Limitations, justification in slander by alleging the truth of the words, and the retaking, on fresh pursuit, of a prisoner escaped.

6.  PARTIES—*in case of several tort feasors.*  In the case of several tort feasors, the party injured may, at his election, sue one, or several, or all; and when the suit is against one or some of them, but not against all, the person or persons sued have no right to complain. And so, also, when there is a suit against several tort feasors, the dismissal of the action against one does not bar the action against the others.

7.  ACCORD AND SATISFACTION—*agreement not to sue one of several tort feasors.*  Where a person who is injured by the negligence of two or more persons receives a sum of money in consideration of his agreement not to sue the party paying,—not in satisfaction of the damages, but only in part payment of the same,—the transaction will not amount to an accord and satisfaction, and will be no bar to a suit against the other parties; and the sum paid will go in reduction of the damages recoverable against them.

8.  SAME—*with one of several tort feasors.*  A release to one of several joint tort feasors is a release to all, and an accord and satisfaction with one of them is a bar to an action against the others.

9.  COVENANT NOT TO SUE—*effect of covenant not to sue a tort feasor.* The legal effect of a covenant not to sue is not the same as that of a release.  A covenant not to sue a sole tort feasor is, to avoid circuity of action, considered in law a discharge, and a bar to an action against him.  But the rule is otherwise when there are two or more tort feasors, and the covenant is with one of them not to sue him.  In such case the covenant does not operate as a release of either the covenantee or the other tort feasors, but the former must resort to his suit for breach of the covenant, and the latter can not invoke the covenant as a bar to the action against them.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. JACOB A. KERN, for the appellant:.

Where a party injured has a right of action against one of two defendants, whether he could maintain a joint action or not, a release to one will discharge both.  *Chapin* v. *Railroad Co.* 18 Ill. App. 47; *Brown* v. *Cambridge,* 3 Allen, 474; *Goss* v. *Ellison,* 136 Mass. 503.

So it has been held by other courts, that accord and satisfaction by one of several obligors or wrongdoers is a satisfaction as to all. *Bank* v. *Curtiss,* 37 Barb. 317.

Where the amount of damages for an injury by two or more joint tort feasors to the plaintiff is undecided, the release to one for a certain sum releases them all. *Long* v. *Long,* 57 Iowa, 497; *Urton* v. *Price,* 37 Cal. 270.

And this holds good even where it was provided and intended that the other defendants were not to be affected by the stipulation, and that plaintiff reserved all rights against them. *Mitchell* v. *Allen,* 25 Hun, 543.

A parol release of one of two joint tort feasors for negligence is a release to both. *Brown* v. *Fitzhugh,* 1 Hill, 185.

A release of one joint trespasser is a release of all,—it operates as a satisfaction. *Irwin* v. *Scribner,* 15 La. Ann. 583; *Abel* v. *Forgue,* 1 Root, 502; *Gould* v. *Gould,* 4 N. H. 473; *Brown* v. *Marsh,* 7 Vt. 320; *Ayer* v. *Ashmead,* 31 Conn. 447.

It is a well settled principle that a satisfaction of damages from one, the action being joint, will operate as a discharge of all, whether the parties intended it or not, in actions against wrongdoers for torts. *Brown* v. *Kencheloe,* 3 Cold. 192; *Ruble* v. *Turner,* 2 Hen. & M. 38; *Strange* v. *Holmes,* 7 Cow. 224.

An accord and satisfaction of a joint trespass by one is good for all concerned. The act of one of several joint trespassers is the act of all,—they all unite to do an unlawful act, and each is responsible for the acts of the others. The plaintiff may elect to sue them jointly or separately, and may pursue them until he has obtained satisfaction, but he can have but one recompense in damages for the same injury. *Ellis* v. *Bitzer,* 2 Ohio, 89.

A partial satisfaction by one of several wrongdoers is a satisfaction, *pro tanto,* as to all. *Bank* v. *Curtiss,* 37 Barb. 317.

It was not necessary that the matter of defense should have been presented by a plea *puis darrein continuance.* 1 Chitty's Pl. 689; *Jackson* v. *Ramsey,* 3 Cow. 75; 120 Ill. 394.

Messrs. WALKER & LOWDEN, for the appellee:

The discontinuance of an action against one of several tort feasors is no bar to the action against the others. *Sloan* v. *Herrick,* 49 Vt. 327; *Bloss* v. *Plymale,* 8 W. Va. 393.

A covenant not to sue one of two or more joint tort feasors is no bar to an action against the others. *Snow* v. *Chandler,* 10 N. H. 92; 6 Wait's Actions and Defenses, 305.

Since each wrongdoer is liable for all the damages, and the plaintiff may elect to proceed against any one and prosecute the action to judgment, without any right on his part of contribution from his co-tort feasors, it follows that instead of being a detriment to the remaining defendant it is to his advantage, and he thus becomes credited with the money that another has paid. *Snow* v. *Chandler,* 10 N. H. 92; *Ellis* v. *Esson,* 50 Wis. 138; *Knapp* v. *Roche,* 94 N. Y. 329; *Chamberlain* v. *Murphy,* 41 Vt. 110.

It is well settled that a covenant not to sue one of several debtors will not operate to discharge all of the debtors, and the reason assigned for this, in the Massachusetts cases, is, "because it can not be inferred from such a covenant that it was the intention to discharge the debt. *Ruggles* v. *Patten,* 16 Mass. 24; *Shed* v. *Pierce,* 17 id. 623; *Sewall* v. *Sparrow,* 8 id. 480.

The same is holden in *Walker* v. *McCulloch,* 4 Green, 421, and it is said that "nothing short of payment by one of several joint debtors, or a release under seal, can operate to discharge the other debtors from the contract." *Durrel* v. *Wendell,* 8 N. H. 369.

A covenant not to sue one of many who are justly indebted does not discharge one who is a joint debtor to the covenantor, nor in any way affect his obligations. 1 Parsons on Contracts, 22; *North* v. *Wakefield,* 66 Eng. C. L. 576; *Willis* v. *DeCastro,* 93 id. 215; *Kirby* v. *Taylor,* 6 Johns. Ch. 242; *Wiggins* v. *Tudor,* 23 Pick. 444; *Insurance Co.* v. *Prebble,* 50 Ill. 332; *Moore* v. *Stanwood,* 98 id. 605.

A proper plea was filed raising the issue of the discharge arising after suit brought. *Smithwick* v. *Ward*, 42 N. C. L. 64.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this action on the case to recover damages for personal injuries, the appellee, Emma Babcock, recovered judgment in the circuit court of Cook county for $1500, and the judgment was affirmed in the Appellate Court.

In September, 1887, there was a restaurant at No. 33 West Adams street, in the city of Chicago, and several steps led from the restaurant down to the sidewalk and street, and to the left of the steps as one came out from the restaurant was an opening leading into the basement, and extending out into the sidewalk and street, a distance of three feet, to a point beyond the lowest of these steps. The only protection from this opening was a trap-door fastened upon hinges, and the opening and trap-door had been there for some three years prior to the accident. An ordinance of the city provides that entrances to areas and basements shall not extend into the sidewalk more than two feet next to the building. The trap-door in question was left open a considerable portion of the time, and was open at the time of the accident. On the morning of the sixth day of said month of September, appellee, who had never been at said restaurant before that time, went there for the purpose of getting her breakfast. In coming out with a large bundle on her left arm she walked down the steps, and in turning east to go to the place where she was employed as a cloak finisher, stepped with her left foot into the opening and fell into the basement below, and received the injuries for which the suit was brought.

No claim is made that it was not negligence on the part of the city to permit the opening in the sidewalk and to permit the trap-door to be left open, but it is urged that there was no right of recovery because appellee was not exercising ordinary

care, and that it was therefore error for the trial court to re-
fuse to instruct the jury to find the defendant not guilty.

A person passing along a sidewalk in a city is required to
use ordinary and reasonable care and diligence to avoid dan-
ger, but what is such ordinary and reasonable care depends
upon the circumstances of each particular case, and is a
question of fact for the jury. A pedestrian upon such side-
walk may ordinarily assume that the sidewalk is in a reason-
ably safe condition for travel. To hold that such person is
absolutely bound to keep his or her eyes constantly fixed on
the sidewalk in a search for possible holes or other defects,
would be to establish a manifestly unreasonable and wholly
impracticable rule. We deem it unnecessary to state the
evidence in detail, but we may say that we have examined it
all, and that the testimony of appellee herself, and that of
John H. Murray and Richard T. Cody, tend strongly to prove
that appellee, at the time that she met with her misfortune,
was in the excercise of due and ordinary care. In at least
three of the instructions that were given by the court the jury
was pointedly told that they should find the defendant not
guilty if they believed, from the evidence, that the plaintiff
failed to exercise ordinary care and caution, and the verdict
indicates that in their opinion there was no want of the re-
quired degree of care and caution on her part. There was
clearly no error in refusing to direct the jury to find for ap-
pellant.

It appears from the evidence that appellee brought two suits
to recover damages for the injuries that she had received,—
one the suit at bar against the appellant city, and the other a
a suit against Guiseppe LeCardi, owner of the building and
premises connected with which were the opening and trap-
door above mentioned, and Ellen Gaynor, tenant of the entire
building; that afterwards LeCardi paid to the attorneys of
appellee the sum of $150, and that the larger portion of this
was applied, by said attorneys, in paying the costs of the last

mentioned suit and other expenses and charges, and some $30 or $40 handed to and received by appellee, and that at the time of the payment of the $150 a writing was executed and delivered to the agent of LeCardi, which read as follows:

"STATE OF ILLINOIS,   &#125;
   *County of Cook.*  &#125;

"It is hereby agreed that no action shall be begun against Joseph LeCardi, by reason of any matters existing at this date, by the undersigned. Given for good consideration.

EMMA BABCOCK,<br>By Pease & Williams, <i>Atty's for plaintiff.</i>

"CHICAGO, March 11, 1889."

It further appears that afterwards an order was entered in the suit of *Babcock* v. *LeCardi and Gaynor*, showing that on motion of the plaintiff, by her attorney, the suit was dismissed out of court at the costs of the plaintiff.

It is urged by appellant that the dealings of appellee and her attorneys with LeCardi, one of the joint tort feasors, amounted to an accord and satisfaction, and were not only a bar to an action against LeCardi, but also, by operation of law, worked a release of the city from all liability. It appears from the evidence that the transactions with LeCardi and the payment of the $150 were after this suit was brought and after plea and issue joined thereon, and a claim is therefore made by appellee, that since appellant did not file a proper plea *puis darrein continuance* it can not avail itself of the alleged settlement. It is undoubtedly the general rule of the common law that a matter of defense which arises after the commencement of the suit and before plea must be pleaded to the further maintenance of the action, and that a matter of defense which arises after suit brought and also after plea filed, and either before replication or after issue joined, must be pleaded *puis darrein continuance*. (*Mount* v. *Scholes*, 120 Ill. 394.) But we understand an action on the case to be an exception to this rule. In such an action the defendant is permitted,

under the general issue, to give in evidence a release, a former recovery, a satisfaction, or any other matter *ex post facto* which shows that the cause of action has been discharged, or that in equity and conscience the plaintiff ought not to recover. (2 Greenleaf on Evidence, sec. 231.)   To this last stated rule, that is applicable to actions on the case, there are, it is true, some exceptions, such as the Statute of Limitations, justification in an action of slander by alleging the truth of the words, and the retaking, on fresh pursuit, of a prisoner escaped, all of which defenses must be specially pleaded.  But, so far as we are advised, it has never been held in an action on the case, that a defense otherwise admissible under the general issue was inadmissible in evidence for the reason it arose after suit brought, and was not specially pleaded either to the further maintenance of the action or *puis darrein continuance.*   On the other hand, in *Bird* v. *Randall*, 3 Burr. 1345, which was an action upon the case, the matter of defense arose after the commencement of the suit, but before it came on to be tried, and it was not pleaded; but the defense was sustained by the Court of King's Bench, and it was held, that as the plaintiff had already received ample satisfaction for the injury done him, he could not afterwards proceed against any other person for a further satisfaction.   And Lord Mansfield there said:   "In such an action as this is (an action of equity, not a formed action *stricti juris*,) it is enough if it appears, *upon the evidence*, that the plaintiff ought not in conscience to recover."

But even if the rule be such as we have indicated, yet it does not affect the result of this litigation.   Not only the paper writing that was given to LeCardi, and the order and judgment that were rendered in the action against LeCardi and Gaynor, and proof of the other facts above stated, were admitted in evidence, but all the other testimony that was offered by either party that had any bearing upon the question of the nature of the transactions and arrangements between appellee and either

LeCardi or Mrs. Gaynor, was submitted to the jury; and the court fully instructed the jury, that if they believed, from the evidence, that the $150 was paid with the knowledge and consent of the plaintiff, and received in satisfaction of her claim for damages as against LeCardi, then their verdict should be for the city, and this, even though they might believe that it was only intended to discharge LeCardi, and not intended in any way to affect the claim of the plaintiff against the city. It is thus seen that it was fairly left to the jury to determine, as a question of fact, whether or not the money received by appellee was received by her in satisfaction of the injuries that she had sustained.

Where there are a number of tort feasors, the party injured may, at his election, sue one, or several, or all; and where the suit is against one or some of the wrongdoers, but not against all, the person or persons sued have no right to complain. And so, also, where there is suit against several tort feasors, the dismissal of the suit against one does not bar the action against the others. (Knapp v. Roche, 94 N. Y. 329; Sloan v. Herrick, 49 Vt. 327; Bloss v. Plymale, 8 W. Va. 393.) A release to one of several joint tort feasors is a release to all, and an accord and satisfaction with one of them is a bar to an action against the others. Here, there is no claim of a technical release under seal. The pending suit against LeCardi was dismissed, and a written agreement was signed that no action should be begun against LeCardi by appellee. This, on its face, was simply an agreement or covenant not to sue. The legal effect of such a covenant is not the same as that of a release. A covenant not to sue a sole tort feasor is, to avoid circuity of action, considered in law a discharge, and a bar to an action against such tort feasor. But the rule is otherwise where there are two or more tort feasors, and the covenant is with one of them not to sue him. In such case the covenant does not operate as a release of either the covenantee or the other tort feasors, but the former must re-

sort to his suit for breach of the covenant, and the latter can not invoke the covenant as a bar to the action against them.

The only ground, then, that appellant had to stand on in respect to this branch of the case, was a claim that there was an accord and satisfaction, and that the $150 was paid and received in satisfaction of the damages sustained. If, as claimed by appellee, the $150 was paid and received simply in consideration of the agreement not to sue LeCardi, and not in satisfaction of the damages, but only in part payment of the same, then the transactions between appellee and LeCardi did not amount to an accord and satisfaction, and were no bar to the suit against appellant. In fact, it was for the interest of the latter that appellee should receive part payment of her claim from LeCardi, and thereby reduce the amount of damages recoverable from it. The views we have expressed are sustained by the following authorities: *Snow* v. *Chandler*, 10 N. H. 92; *Knapp* v. *Roche*, 94 N. Y. 329; *Bloss* v. *Plymale*, 3 W. Va. 393; *Sloan* v. *Herrick*, 49 Vt. 327; *Brown* v. *Marsh*, 7 id. 320; *Chamberlain* v. *Murphy*, 41 id. 110; *Ellis* v. *Esson*, 50 Wis. 138; *Parmelee* v. *Lawrence*, 44 Ill. 405.

As we have already seen, the question whether there was an accord and satisfaction, and whether the $150 was paid and received in satisfaction of damages, was submitted to the jury, to be determined by them in the light of all the facts and circumstances shown by the evidence, and under instructions which stated the law as strongly against appellee as the nature of the case warranted. The jury decided that issue, and all others involved in the suit, against appellant, and the judgment based on that verdict has been affirmed in the Appellate Court. Said judgment of affirmance is conclusive as to all questions of fact.

We find no error of law in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*