ALBERT KAPISCHKI

*v.*

CHARLES W. T. KOCH *et al.*

*Opinion filed June 17, 1899.*

1. TRESPASS—*when trespass cannot be maintained for unauthorized seizure by replevin.* The unauthorized seizure of goods by replevin and the retention thereof after judgment of *retorno habendo* give rise to either an action of trespass or an action on the replevin bond, but the prosecution of the latter remedy to judgment and satisfaction bars the former.

2. ADMISSIONS—*when court may consider admission by plaintiff's counsel as part of case.* An admission by counsel for plaintiff in an action of trespass for damages for the unlawful seizure and retention of goods by replevin, that a suit on the replevin bond had been prosecuted to judgment and satisfaction, may be considered by the court as a part of the plaintiff's case, although made while the court was considering the defendant's motion, offered at the close of the plaintiff's evidence, to direct a verdict in his favor.

3. PLEADING—*former recovery may be shown under general issue in trespass.* A former recovery and satisfaction may be shown under the general issue in an action of trespass, although the defense arose after the suit was brought and was not specially pleaded either to the maintenance of the suit or *puis darrein continuance.*

*Kapischki* v. *Koch,* 79 Ill. App. 238, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

The action below was trespass, brought by the appellant, against the appellees. The case sought to be made by the declaration was, that appellees, with malicious intent to extort money from appellant and to injure him in his good name and credit as a business man, had instituted an action of replevin against him, and by virtue of a writ of replevin had taken from his possession a portion of a stock of shoes, etc.; that said action of replevin was tried and adjudged in favor of appellant and a writ of *retorno habendo* awarded him; that appellees refused to

make return of the goods taken by the writ but retained
the same, and that appellant was thereby injured in his
credit and standing as a business man and deprived of
large profits and gains, etc., and suffered great anxiety
and distress and pain in body and mind, etc., and was
compelled to, and did, expend large sums of money,
to-wit, $1000, in endeavoring to procure the return of
the goods and in defending divers suits in the premises,
etc., to his damage of $25,000. The declaration contained
also a count in trover for the value of the goods. Pleas
in abatement of the action were filed, but were subse-
quently, by consent of appellant, withdrawn and a plea
of not guilty as to all the defendants interposed. The
cause was submitted to a jury for trial on the issue made
by the declaration and the plea of not guilty.

In presenting the testimony in his behalf appellant
(plaintiff) produced in evidence the files in the replevin
suit, including the bond executed in behalf of the plain-
tiffs in the replevin suit by Charles Koch, one of the
plaintiffs in that action, and a third person as surety.
The bond was given to one Charles Buechel,—the con-
stable who executed the writ of replevin. It appears
from the bill of exceptions that at the close of the tes-
timony in behalf of appellant, "counsel for defendants
suggested to the court that a case had not been made
out, whereupon, in answer to questions propounded by
the court, counsel for the plaintiff admitted in open court
that suit had been brought upon the replevin bond in evi-
dence; that judgment had been obtained thereupon, and
that said judgment had been fully paid. Thereupon the
court stated to the plaintiff's counsel that he would give
them a non-suit or would give an instruction to the jury
to find the defendants not guilty. The attorneys for the
plaintiff stated to the court that they would prefer the
court to instruct the jury and give the plaintiff the right
to an appeal." Thereupon, by the direction of the court,
a peremptory verdict finding the defendants (appellees)

not guilty was returned. The appellant objected and preserved an exception to the action of the court, and also to the subsequent rulings overruling a motion for a new trial and pronouncing and entering judgment on the verdict. The Appellate Court for the First District, on appeal, affirmed the judgment so entered, and the appellant has prosecuted a further appeal to this court.

E. M. SEYMOUR, for appellant.

FLOWER, SMITH & MUSGRAVE, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The pleas in abatement having been withdrawn with the consent of the appellant, and the cause having been submitted without objection upon the issues raised by the pleas of not guilty, it is unnecessary to consider as to the correctness of the rulings of the court on the motion to strike the pleas in abatement from the files, in allowing such pleas to be amended, and as to the sufficiency of a demurrer to a replication to those pleas.

The unauthorized seizure and retention of the goods vested appellant with the right to institute an action in trespass, in which he could recover compensatory damages, and, if the evidence disclosed a proper case, vindictive damages also, or an action on the replevin bond, in which he could recover compensatory damages but not exemplary or vindictive damages. Each of these remedies proceeds upon the same cause of action, and the remedies were consistent and concurrent. While different remedies were available to the appellant, the cause of action was the same and was an entirety, and could not be divided into separate and distinct claims and both remedies pursued. The appellant was required to elect his remedy, and could not split his right to recover damages and maintain two actions against the appellees upon the same cause of action. (*Karr* v. *Barstow,* 24 Ill. 581; *Stier* v. *Harms,* 154 id. 476; 1 Am. & Eng. Ency. of Law, 184 *c;*

17 id. 204.) If he elected to prosecute an action on the replevin bond and recovered judgment thereon, and has received satisfaction thereof, he must be content therewith.

Nor do we think the trial court erred in directing a peremptory finding for the appellees. Counsel for appellant admitted in open court appellant had prosecuted an action on the replevin bond to final judgment and that such judgment had been fully paid and discharged. When the admission was made the court had before it for determination the question whether the proofs in behalf of the appellant (plaintiff) warranted the submission of the cause to the jury. The appellees had not offered any testimony, but under the plea of not guilty had the right to establish the facts so admitted as destructive of the right of appellant to recover. In actions on the case it is admissible, under the general issue, to give in evidence a former recovery, a satisfaction, or any other matter *ex post facto* which shows that the cause of action has been discharged. (*City of Chicago* v. *Babcock*, 143 Ill. 358.) We need not consider whether the same rule of pleading obtained at common law in actions of trespass, for the reason that all distinctions between the two forms of action have been abolished by statute in this State. The admission of counsel established facts which, under the pleadings, it was competent to consider, and which, if made prior to the motion which called upon the court to determine the sufficiency of the case in behalf of appellant, would, as matter of law, conclusively have operated to defeat recovery in the action. The effect was not different because the admission was made while the court had the motion under consideration. The court rightfully considered the admission of counsel as constituting part of the case as made by the appellant, and correctly ruled there could not legally be a finding in his favor by the jury.

There is no force in the suggestion it did not appear from the admission but that the judgment upon the re-

plevin bond had been entered after the institution of the action in trespass. A defense otherwise admissible under a plea of not guilty, in an action of trespass, is competent in evidence, though it arose after the suit was brought and was not specially pleaded either to the maintenance of the suit or *puis darrein continuance.    City of Chicago* v. *Babcock, supra.*

There is no error in the record.

*Judgment affirmed.*