City of Chicago v. Annie E. McCrudden, by her Next Friend.

1. NEGLIGENCE—*When Not Contributory, as a Conclusion of Law.*— The fact that a girl, twelve years of age, at the time of an injury by reason of a defective sidewalk, was walking backward, talking to other children in company with her, does not of itself establish negligence on her part as a conclusion of law.

2. SAME—*A Question for the Determination of the Jury.*—The question as to whether a girl twelve years of age, on her way to school, in company with other children, who walked backward for a few steps while talking to her playmates, and was injured by falling into a hole in the sidewalk, was guilty of negligence, is one for the determination of the jury under all the circumstances of the case.

3. SIDEWALKS—*Rights and Duties of Persons Upon.*—A pedestrian upon a sidewalk may ordinarily assume that such walk is in a reasonably safe condition for travel. He is not bound to keep his eyes constantly fixed on the walk in a search for possible holes or other defects.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County. Heard in this court at the March term, 1900. Affirmed. Opinion filed November 22. 1900.

Statement.—This action was brought by appellee, suing by her next friend, against the City of Chicago, to recover damages for injuries sustained, as it is claimed, through negligence of the city.

Several boards were removed in one of the public sidewalks of the city, for the purpose of laying water pipes. An excavation was made in the ground where the boards

were taken up, and the hole thus made was left uncovered and unguarded. Appellee, a child of about twelve years, while on her way to school, fell into this hole and was severely injured. At the time she fell she was talking with four other girls, her companions, and she was in front of the other four and was walking backwards. The hole was eighteen inches in width and from twelve to eighteen inches deep. Appellee testified that she was not aware that there was this defect in the walk. Two of the girls who were with her testified that they did not see the hole until appellee had fallen into it.

There was evidence tending to show that the injury resulted in a permanent curvature of the spine, making appellee humpbacked, or as it is termed by one of the medical witnesses, " pigeon breasted." The deformity is known as Pott's disease and is permanent.

The jury found the issues for appellee and assessed her damages at $5,000. From judgment upon this verdict the appeal here is prosecuted.

Andrew J. Ryan, George E. Gorman and James J. Kelly, attorneys for appellant.

Oliver & Mecartney, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

But one question is presented by the brief of appellant, viz : Does the evidence disclose such conduct on the part of appellee as constitutes in law contributory negligence, and hence bars a recovery ? The only basis of the contention that it does is the fact that appellee when injured was walking backward, talking to other children who accompanied her. The question then is, does the fact that appellee was walking backward when injured of itself establish negligence as a conclusion of law. We are of opinion that it does not, and that the question was a question of fact properly submitted to the jury. In determining if a certain course of conduct constitutes negligence on the part of a

child, the child's age, together with all surrounding circumstances, are to be considered by the jury. City v. Keefe, 114 Ill. 222; I. C. R. R. Co. v. Slater, 129 Ill. 99.

This child was at the time of the injury about twelve years of age. We are not prepared to hold that her conduct in walking backward for a few steps while talking to her playmates was so clearly negligent that all reasonable minds would agree in so pronouncing it. Instances are not wanting where it has been held that adults who had failed to keep their eyes upon the pathway they were following might yet be found to have been in the exercise of ordinary care. City v. McLean, 133 Ill. 153; City v. Babcock, 143 Ill. 358; Pullman Co. v. Connell, 74 Ill. App. 447.

In City v. Babcock, *supra*, the court said:

" A pedestrian upon such sidewalk may ordinarily assume that the sidewalk is in a reasonably safe condition for travel. To hold that such person is absolutely bound to keep his or her eyes constantly fixed on the sidewalk in a search for possible holes or other defects, would be to establish a manifestly unreasonable and wholly impracticable rule."

We hold that it was for the jury to determine under the evidence in this case whether in view of her age and other surrounding circumstances, the conduct of appellee was negligent, and we can not say that the finding of the jury in this behalf is manifestly against the weight of the evidence. No other question is raised by counsel for appellant.

The judgment is affirmed.