## City of McLeansboro v. Sarah F. Trammel.

1. MUNICIPAL CORPORATIONS—*Duty in Regard to Keeping Crossings in Reasonably Safe Condition.*—It is the duty of a city to exercise reasonable diligence to keep its crossings in reasonably safe condition for persons to travel.

2. SAME—*Where Notice of Defect in Crossing Will be Presumed.*— If a defect in a crossing is apparent and renders the crossing unsafe for travel, and so remains for a considerable length of time, notice will be presumed and liability attach, the same as with actual notice.

3. SAME—*Whether City Has Notice of Defect a Question of Fact.*— Whether the duration of the defective crossing is sufficient to warrant the presumption of notice, is a question of fact for the jury.

4. DUE CARE—*A Question of Fact for the Jury.*—Whether or not a person is in the exercise of due care is a question of fact for the jury.

5. SAME—*Pedestrian May Assume that Sidewalk is Reasonably Safe.*—A pedestrian may ordinarily assume that a sidewalk is in a reasonably safe condition for travel. He is not absolutely bound to keep his eyes constantly fixed on the sidewalk in a search for possible holes or other defects.

6. VERDICTS—*When They Will Not be Disturbed.*—Where a verdict has been rendered on questions of fact it will not be disturbed unless the court can say upon the whole evidence that it is the result of passion, prejudice or mistake.

7. INSTRUCTIONS—*Not Error to Refuse When Principles Involved Are Embraced in Others.*—It is not error to refuse an instruction when the principles involved therein are embodied in other instructions.

8. APPELLATE COURT PRACTICE—*Assignments of Error Not Argued Are Waived.*—Where no arguments are made in support of assignments of error they will be considered as waived.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

T. M. ECKLEY, attorney for appellant.

City of McLeansboro v. Trammel.

R. R. BARNETT, attorney for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action on the case by appellee against appellant, to recover for injuries received by appellee by reason of a defect in a plank footway or crossing in one of appellant's streets.

The crossing in controversy was constructed of six two-inch oak plank, eight inches wide, resting upon cross-pieces four or five feet apart. One plank, the second from the side, was broken a few inches from one of the cross-pieces, and also at the point of rest upon the cross-piece. The broken ends of the plank rested upon the ground five or more inches beneath the level of the walk, forming a cup or V-shaped depression. In crossing the street at this point the appellee stepped into this hole or depression, fell and was injured.

Trial in the Circuit Court resulted in verdict and judgment of $100 in favor of appellee, from which the defendant appealed.

Argument of appellant is considered in the order of points presented. As contended the evidence does not show actual notice to the appellant of the defect in the walk. Was there constructive notice, that is, was the defect of such character, location and duration that the city in the exercise of reasonable care and diligence might have known and repaired it? It was the duty of the city to exercise reasonable diligence to keep the crossing in a reasonably safe condition for persons to travel. If the defect complained of was apparent and unsafe for travel, and so remained for a considerable length of time, notice will be presumed and liability attach the same as with actual notice. Springfield v. Doyle, 76 Ill. 202; Chicago v. Dalle, 115 Ill. 386; Hogan v. Chicago, 168 Ill. 551. Whether the duration of the defective crossing was sufficient to warrant the presumption of notice, was a question of fact for the jury, and if fairly submitted their finding must control. Likewise it was for the jury to determine whether or not appellee was in the exercise of due care for her own safety.

In actions of this kind the negligence of both parties to the suit is involved. Was the defendant negligent in the manner charged? Was the plaintiff in the exercise of ordinary care as alleged? These are questions answered by the verdict and unless the court can say, upon the whole evidence, that the verdict is the result of passion, prejudice or mistake, it may not be disturbed or a judgment based thereon reversed.

As contended by appellant, appellee was bound to make reasonable use of her faculties to avoid injury, and failing to do so would be contributory negligence and bar the action. A failure to look at one's pathway does not necessarily preclude recovery. Evidence of such failure is not to be construed by the court as negligence *per se*, but must be submitted to the jury to determine whether such failure in a given case constitutes a lack of ordinary care. Chicago v. McLean, 133 Ill. 148; Chicago v. Moore, 139 Ill. 201; Chicago v. Babcock, 143 Ill. 358; Chicago v. McCrudden, 92 Ill. App. 257.

"A pedestrian may ordinarily assume that the sidewalk is in a reasonably safe condition for travel. To hold that such person is absolutely bound to keep his or her eyes constantly fixed on the sidewalk in a search for possible holes or other defects would be to establish a manifestly unreasonable and wholly impracticable rule." Chicago v. Babcock, *supra*.

It was not error to refuse appellant's twelfth instruction, for the reason that the principles covered by it are embodied in other instructions. In appellant's second given instruction the jury are told that to warrant a verdict for plaintiff they must find " that the walk was unsafe," and in the first and other given instructions for appellant they are fully instructed, in effect, that any defect which could have been avoided by the exercise of ordinary prudence must be so avoided or there could be no recovery.

Error is assigned on the giving of appellee's fourth instruction, but appellant makes no argument in support of this assignment, which, under the practice, relieves this court from the duty to discuss it. Nevertheless we are dis-

posed to observe that though the instruction is erroneous and should not have been given, the law applicable to the case having been so fully and clearly presented by other instructions, the verdict could · not have been thereby affected. Judgment of the Circuit Court affirmed.