City of Chicago v. Harris.

---

## City of Chicago v. Mary A. Harris.

### Gen. No. 11,105.

1. ORDINARY CARE—*what not essential to exercise of, in walking upon sidewalk.* The exercise of due care and caution does not, as a matter of law, require one walking at night on an ordinary sidewalk, to examine every step of the way, where there is no reason to suppose that the sidewalk is not in good repair and condition. The existence of the walk is an invitation to passers-by to avail themselves of its use, and they may, ordinarily, assume that it is reasonably safe.

2. VERDICT—*when, not excessive.* A verdict for $3,000 (amount not given in opinion) is not excessive where it appears that the plaintiff (a woman) was confined to her bed for nine months after the accident; that she has been incapacitated ever since from active exercise; that she

has a large hernia and the intestines protrude to some extent through the rupture.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

JOHN F. SMULSKI, City Attorney, and WILLIAM ROTHMANN, for appellant; WILLIAM J. STAPLETON and D. H. WAMSLEY, of counsel.

WING & WING, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee recovered judgment in an action for personal injuries, occasioned by a defective sidewalk. It is contended by appellant that the proof fails to show the exercise by appellee of due care for her own safety, and that the verdict is excessive.

The accident occurred after dark about 6:30 P. M. in the month of December. Appellee fell into an opening in the walk from which a plank was missing. She testified that her attention was not specially fixed on the sidewalk, because she was looking ahead and hurrying home. She was not looking for an opening, and on cross-examination states that she supposes she would have seen it if she had been looking down where she was walking. The exercise of due care and caution does not as a matter of law require one walking at night on an ordinary sidewalk of a city street to examine every step of the way, where there is no reason to suppose the walk is not in good repair and sound condition. The existence of the walk is an invitation to passers-by to avail themselves of its use, and they may ordinarily assume that it is reasonably safe. Whether an injured person is exercising proper care is usually a question of fact for the jury. The evidence in this case justifies the finding. See Shearman & Redfield on Negligence (4th ed.), vol. 2, sec. 377; City of Chicago v. Babcock, 143 Ill. 358–363; City of East Dubuque v. Burhyte, 173 Ill. App. 572–575.

It is urged that the verdict is excessive, that appellee's condition is not shown by evidence introduced in her behalf to be the result of injuries caused by her fall upon the sidewalk, and that there is evidence from which it may be inferred that she may have been previously ruptured. It appears from the evidence that appellee was confined to her bed for about nine months, after the accident; that she has been incapacitated ever since from active exertion; that she has a large hernia, and that the intestines protrude to some extent through the rupture. The evidence on both sides tends to show that a rupture might be caused by a fall such as appellee suffered, but appellant's expert testifies that in his opinion it could not develop over night to such an extent as described by the opposing witness. However that may be, there is much evidence tending to show that the conditions complained of developed immediately after the accident, and have continued to the time of the trial. If she was injured so severely as the evidence tends to show the verdict and judgment are not excessive.

Finding no error, the judgment of the Circuit Court must be affirmed.

*Affirmed.*

Mr. Justice BAKER having presided at the hearing of this cause in the trial court, did not participate in the foregoing decision.