### S. A. ROBERTSON v. J. M. TRAMMELL.

Application No. 4461. Decided December 22, 1904.

**Joint Tort Feasors—Settlement with One.**

A contract by which a plaintiff suing two parties for negligence concurring to cause his personal injury, on payment of a sum of money by one, dismissed the action against him and covenanted not to sue him and to indemnify him from liability on the cause of action asserted, did not constitute a release from liability nor operate to discharge the other joint tort feasor. (P. 365.)

Application for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Trammell sued Robertson, the Houston & Texas Central and St. Louis Southwestern Railway companies. He dismissed his suit against the Houston & Texas Central. Judgment went in favor of the St. Louis Southwestern. Plaintiff recovered judgment against Robertson, who had pleaded release from liability by a settlement between plaintiff and the Houston & Texas Central. Robertson appealed, and, the case being affirmed (5 Texas Law Journal, 960, 11 Texas Ct. Rep., 169; 83 S. W. Rep., 258) he applied for writ of error. The instrument construed is set out in the opinion of the Court of Civil Appeals.

*Alexander & Thompson,* for applicant.—The liability of the joint tort feasor, Houston & Texas Central Railway Company, was for the full amount of the unliquidated damage sustained by plaintiff; and it was clearly established by plea and evidence that the payment of $1000, made by that company and received by plaintiff in the way of compromise, was in full settlement of all liability by said company; and it thus operated

as a bar to any further recovery, constituting a full accord and satisfaction and an obligation on the part of plaintiff to hold the company harmless.

BROWN, Associate Justice.—The instruments executed to the railroad company by Trammell and his sureties do not constitute a release, but the contract is a covenant not to sue the Houston & Texas Central Railroad Company on account of the injuries received, and such contract did not have the effect to discharge Robertson from liability to Trammell. Chicago v. Babcock, 143 Ill., 358, and see 58 L. R. A., 299, where the authorities are collected. Giving an indemnity bond to the railroad company did not change the character of the transaction.

For the reasons stated the application for a writ of error is refused.