### CINCINNATI, D. & T. TRAC. CO. v. WILLIAM G. HOLBROCK.

1. DUTY OF MOTORMAN CROSSING RAILROAD TRACKS REQUIRES HIM TO STOP, LOOK AND LISTEN.

The provisions of R. S. 3443-6 (Gen. Code 9125) do not relieve a motorman from the duty of exercising case for the safety of passengers; hence, it is his duty on approaching each of the separate tracks of a railway company to look and listen before proceeding with his car upon the railway tracks.

2. COVENANT NOT TO SUE ONE JOINT TORT FEASOR DOES NOT RELEASE OTHER TORT FEASOR.

A covenant by a plaintiff that he will not sue one joint tort feasor is not a bar to an action brought by him against another joint tort feasor.

3. REQUEST FOR INSTRUCTION TO RELEASE JOINT TORT FEASOR SUED IF NEGLIGENCE WAS THAT OF TORT FEASOR NOT SUED, IS IMPROPERLY REFUSED.

A special instruction asked for by the defendant to the effect that if the jury found that the injury was due to the negligence of the tort feasor who was not a party to the action, and the defendant was not negligent, the verdict should be for the defendant, is improperly refused.

ERROR to common pleas court.

W. C. Shepherd and Murray Seasongood, for plaintiff in error:

C. M. and E. W. Cist, for defendant in error:

Cited and commented upon the following authorities: Bailey v. Berry, 3 Dec. Re. 483 (8 Am. L. Reg. 270) ; Hutton v. Eyre, 6 Taun. 289; Willis v. De Castro, 4 Com. B. 216; Price v. Barker, 4 Ell. & Bl. 777; Bateson v. Gosling, 7 L. R. C. P. 9; Cooley, Torts (3 ed.) Sec. 161, p. 237; Chicago v. Smith, 95 Ill. App. 335; Chicago v. Babcock, 143 Ill. 358 [32 N. E. Rep. 271] ; West Chicago St. Ry. v. Piper, 165 Ill. 325 [46 N. E. Rep. 186] ; Ellis v. Esson, 50 Wis. 138 [6 N. W. Rep. 518; 36 Am. St. Rep. 830] ; Snow v. Chandler, 10 N. H. 92 [34 Am. Dec. 140] ; Dean v. New Hall, 8 Term. 168, 170; O'Shea v. Railway, 105 Fed. Rep. 559; Carey v. Bilby, 129 Fed. Rep. 203 [63 C. C. A. 361] ; Line v. Nelson, 38 N. J. Law 358; Ellis v. Bitzer, 2 Ohio 89 [15 Am. Dec. 534].

Traction Co. v. Holbrock.

**GIFFEN, P. J.**

The admission of evidence of the defective brake and the condition of the track was proper as tending to prove the negligent act complained of, which, although charged in broad and comprehensive terms, comes within the rule stated in the case of *Davis* v. *Guarnieri*, 45 Ohio St. 470 [15 N. E. Rep. 350; 4 Am. St. Rep. 548].

We think the court erred in sustaining the objection to the following question put to the attending physician:

"Wasn't it possible at the time to have removed the oil and other substance that is now shown there?"

But by subsequent questions and answers the error is shown to be not prejudicial.

There was no error in permitting the plaintiff to describe the effect of the scar on his face in his business relations.

Special instruction number ten given at the request of plaintiff is as follows:

"It was the duty of the motorman on approaching each of the separate tracks of the railway company to look and listen before proceeding with his street car upon said track, and if you find his failure to perform this duty directly contributed to cause the collision between the street car and the locomotive and the injury to the plaintiff, then the defendant, the traction company, is liable in this case, and it will be your duty to find a verdict for the plaintiff."

The provisions of R. S. 3443-6 (Gen. Code 9125) do not relieve the motorman from the duty of exercising care for the safety of the passengers, and unless he did look or listen he could not hear or see the signal from the person sent forward to ascertain if the way is clear. There was therefore no error in giving the instruction.

The first special instruction requested by the defendant to be given in writing before argument was as follows:

"The fact that the railroad company was negligent will not excuse the traction company if it also was negligent; but if you find that the railroad company was negligent and that the plaintiff was injured by reason of its negligence and that

the traction company was not negligent, your verdict will be for the defendant.''

This instruction required the jury to first find that the defendant traction company was not negligent, and is so plain and simple that it is difficult to conceive upon what theory the court refused to give it.

Special instruction number three excludes all negligence other than that of the motorman and was properly refused. The error, if any, in refusing to give instructions four and five was cured by giving number nine. So likewise the subject-matter of number eight is fully covered by numbers six and seven.

Exhibit number three ·offered in evidence by the defendant is only a covenant on the part of plaintiff not to sue the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, and as such is not a bar to an action against the defendant, an alleged joint tort feasor. Cooley, Torts Sec. 161; *Chicago* v. *Babcock*, 143 Ill. 358 [32 N. E. Rep. 271].

The apparently harsh rule of the common law as expressed in the case of *Ellis* v. *Bitzer*, 2 Ohio 89 [15 Am. Dec. 534], should not be extended beyond its terms. In that case the court found that Williams and Adkins were by the compromise to be wholly discharged from liability on account of the trespass, and hence all the other trespassers were discharged.

The defendant was clearly negligent and the verdict is fully sustained by the evidence. In the absence of any opportunity to observe the plaintiff—the scars on his face and his general condition as the result of the collision—we are not warranted in holding the amount of damages excessive.

The refusal to give special instruction number one in writing before argument as requested by defendant was certainly prejudicial, because it was important for the jury to know that the negligence of the railway company would in no way bind the defendant unless by its own negligence it contributed and besides, as said in the case of *Monroeville* v. *Root*, 54 Ohio St. 523, 527 [44 N. E. Rep. 237]: ''the courts can not say that there is no substantial error in a denial of the right.''

Judgment reversed and cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.