## Rose Pecararo, Defendant in Error, v. John Halberg, Plaintiff in Error.

### Gen. No. 14,835.

1. VERDICTS—*when upon exercise of ordinary care not disturbed.* Whether the plaintiff at the time of the accident was in the exercise of ordinary care is a question of fact and in the absence of substantial errors of procedure or of erroneous instructions to the jury, the verdict of the jury in this respect if warranted by the evidence will not be disturbed.

2. VERDICTS—*when upon amount of damages not disturbed.* It is for the jury to determine the amount of damages which should be awarded for an injury suffered and unless the verdict rendered is not sustained by the evidence, it will not be disturbed.

3. INSTRUCTIONS—*when erroneous will not reverse.* An erroneous instruction will not reverse in the absence of prejudice resulting.

4. EVIDENCE—*when objection comes too late.* An objection to evidence first made on appeal will not avail.

5. NEW TRIAL—*effect of granting, as to one joint tort-feasor.* A joint tort-feasor cannot complain of the action of the court in granting to his co-defendant a new trial and denying a new trial as to him.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed January 24, 1910. Rehearing denied February 21, 1910.

**Statement by the Court.** This is an action brought against the defendant Halberg and the city of Chicago to recover for personal injuries. The plaintiff was a child eleven years of age. There is evidence tending to show that about half after four o'clock in the afternoon of January 7, 1908, the plaintiff, accompanied by her mother, was walking along a wooden sidewalk in front of a store occupied by the defendant Halberg at 16 Milton avenue, Chicago. There was an opening in the sidewalk in front of the store, within which opening were stairs leading to the basement. This opening when closed was covered with a trap door four feet six inches in length and two feet one inch wide. It was attached to the sidewalk by hinges placed at the outer edge of the opening two feet one inch from the front of the building. When closed the trap door was even with the surface of the walk. When open it stood parallel with the front wall of the store, above and nearly perpendicular to the sidewalk but leaning somewhat outward. It was held in that position by a chain fastened at the lower end to the sidewalk at a point close to the front of the building. The chain therefore extended across one end of the opening at an angle of about forty-five degrees. The sidewalk at this point was nine feet eleven inches in width, and the outer edge of the opening and the trap door when standing open was about seven feet ten inches from the outer edge of the sidewalk. About five o'clock P. M. or a lit-

tle later and when it was somewhat dark, the plaintiff and her mother were about to pass in front of the store where the trap door was situated. The door was open and the plaintiff, turning to speak to her mother, fell over the chain and partly into the opening beneath. The trap door fell on her, covering her except as to one foot, which stuck out from under the door. The plaintiff testifies that she did not see the hole and she fell "frontwards," receiving the injuries complained of.

There is evidence to the effect that the defendant was owner of the premises and conducting a grocery store on the first floor and a saloon in the rear. The upper part of the building was rented and the tenants used the basement in which to store wood and coal, obtaining access to it through the trap door in the sidewalk. The door had apparently been left open and unprotected at the time of the accident by some of these tenants. There is an ordinance of the city of Chicago providing that no "opening in any public sidewalk shall be allowed to remain uncovered or open except while the same is actually being used for the purpose of entrance or exit or for the purpose of introducing or removing any article through such opening."

The issues were submitted to a jury, and a verdict was returned finding the defendants guilty and assessing plaintiff's damages at $750. Subsequently the court granted a motion for a new trial by the city and overruled a similar motion by the other defendant, Halberg, against whom judgment was entered upon the verdict. The defendant Halberg sues out this writ of error.

J. W. RICHEY, W. E. HUGHES, A. W. FULTON and JOHN F. HARRIS, for plaintiff in error.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

1. It is urged the verdict is manifestly against the

weight of the evidence and that it was error therefore to refuse plaintiff in error a new trial. That the opening into which the plaintiff fell was left exposed with the trap door open and that it was not actually in use for entrance or exit by any one at the time of the accident, is apparent from the evidence. That is was negligent to leave it open and unguarded in such manner in view of its exposed situation upon a public sidewalk at that hour of a winter afternoon, the jury have determined by their verdict. Whether the plaintiff was at the time in the exercise of ordinary care was a question of fact and in the absence of substantial errors of procedure or of erroneous instructions to the jury, the finding of the latter in this respect if warranted, as we think it is, by the evidence should not be disturbed. In City of Chicago v. Babcock, 143 Ill. 358-363, it is said that to hold that a pedestrian "is absolutely bound to keep his or her eyes constantly fixed on the sidewalk in a search for possible holes or other defects would be to establish a manifestly unreasonable and wholly impracticable rule."

2. It is urged that the verdict and judgment are excessive. There is evidence tending to show that plaintiff received a cut upon the face extending to the bone, that the cheek bone was fractured and the spine injured. The jury saw and heard the witnesses. The plaintiff herself was on the stand. From the testimony of one of the physicians called by the defense it appeared that the plaintiff was emaciated at the time of the trial. His opinion was that she had tuberculosis of the lungs and that such condition had then existed "approximately a year." It was for the jury to determine from the evidence not only whether the plaintiff was entitled to recover but the amount of compensation, if any, which should be awarded for injuries shown by the evidence to have been caused by the accident. We find no sufficient reason for disturbing the verdict in this respect.

3. Complaint is made of certain instructions. Some

of these objections are not well taken. The amount claimed in the bill of particulars is not a proper measure of damages, but the instruction complained of as it is given in the abstract limits recovery to such damages as from the evidence appear to have been sustained. There is not, it is true, any question under the evidence as to whether the trap door was "in good repair," and the instruction in reference to that may be open to criticism. But the mere fact that instructions are in some respects inaccurate is not of itself sufficient ground for setting aside a verdict or judgment. To justify such action it should appear that alleged errors were harmful. In the present case the jury did not award the amount claimed in the bill of particulars, nor does examination of the instructions disclose harmful error.

4. Evidence admitted without objection on the part of opposing counsel cannot be objected to here for the first time. Any error of that kind must be deemed to have been waived.

5. It is urged the defendant Halberg is prejudiced by the action of the court in granting a motion for a new trial made in behalf of the city of Chicago and refusing the same motion in behalf of plaintiff in error. The ground of objection is that the jury may have considered in reaching the amount of the verdict that half of it would fall on each of the original defendants. "A plaintiff in an action of tort may take judgment against as many defendants as he pleases. The liability of tort feasors is joint and several, and the person injured can select which of them he chooses to have judgment against." I. C. R. R. Co. v. Foulks, 191 Ill. 57-69. The plaintiff in error cannot be heard to complain because the court granted his co-defendant a new trial instead of dismissing the suit as to it. His rights are in no way affected thereby.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*