Charles E. Larson, Sheriff of Lake County, for the Use of Derold J. Montgomery and Mrs. Derold J. Montgomery, Plaintiffs-Appellees, v. Mobile Home Finance Company, a Corporation, and Hartford Accident and Indemnity Company, a Corporation, Defendants-Appellants.

Gen. No. 66–95M.

Second District.

May 24, 1967.

William S. Blatt, of Chicago, for appellants.

Hall, Meyer, Fisher, Van Deusen, Holmberg & Snook, and Ronald E. Griesheimer, all of Waukegan, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Lake County wherein the court entered a judgment in favor of plaintiff and against defendant in the amount of $5,078.90, plus costs of suit.

An initial replevin suit was brought by defendant, Mobile Home Finance Company, against the plaintiffs, Derold J. Montgomery and his wife, on June 9, 1965, with the filing of a replevin bond and the issuing out of a writ of replevin. The replevin bond was executed by Mobile Home Finance Company as principal and the Hartford Accident and Indemnity Company as surety. The action was for the recovery of a 1963 mobile home. On trial of the replevin action on October 15, 1965, the jury returned a verdict against the plaintiffs and on January 5, 1966, after post-trial motions and after plaintiffs filed a remittitur, judgment was entered against Mobile Home Finance Company in the amount of $1,500, and return of the property was ordered. The trailer was returned to the Montgomerys on January 6, 1966, and the damage award was paid.

On January 10, 1966, the Montgomerys instituted this action predicated upon the bond filed in the replevin action, alleging a breach of the conditions of the bond, and alleging damages because of the loss of use of the trailer and property of the plaintiffs, the abuse and deterioration of the replevied property, the anguish and mental suffering of Mrs. Montgomery and attorney's fees. The case was tried without a jury on June 6, 1966, and a judgment order entered awarding damages to plaintiffs in the total amount of $5,078.90; $2,469.90 was for the loss of use of and damage and depreciation to the mobile home and personal property; $1,475.00 was awarded as attorney's fees, and $1,134 to Mrs. Montgomery for her pain and suffering, hospital bills and costs of babysitters incurred by her and her husband.

The bond herein sued upon was given pursuant to c 119, § 10, Ill Rev Stats (1965), which provides as follows:

"Before the execution of any writ of replevin the plaintiff or someone else on his behalf shall give to the sheriff or other officer a bond with sufficient security in double the value of the property about to be replevied, conditioned that he will prosecute such suit to effect and without delay and make return of the property to the defendant if return of the property shall be awarded or will deliver the same to the intervening petitioner should it be found that the property belongs to him, and save and keep harmless such sheriff or other officer as the case may be, in replevying such property and further conditioned for the payment of all costs and damages occasioned by wrongfully suing out said writ of replevin or alias or pluries writ or writs of replevin, and if the sureties on such bond at any time before trial shall become insolvent, a rule nisi shall be entered requiring good and sufficient replevin bond

to be filed, and if the same shall not be so filed within the time fixed by the court, the suit shall be dismissed."

The obligation of the bond itself was as follows:

"We jointly and severally bind ourselves to Charles Larson, Sheriff of Lake County, Illinois, that the plaintiff will prosecute his suit with effect and without delay, and return the property to defendant if return be awarded, or deliver the property to an intervening petitioner if it is found that the property belongs to him and keep harmless the sheriff, constable or other officer in replevying the property, and pay all costs and damages occasioned by wrongfully suing out the writ of replevin or alias or pluries writs. The obligation of this bond is limited to $10,000.00."

■ Replevin is one of the most ancient actions known to the law, taking its name from the object of its process. It originated in the common law as a remedy against the wrongful exercise of the right of distress for rent. Replevin, by the weight of authority, was extended to be the proper remedy for any unlawful taking. It has been held that it is an extraordinary remedy, but in this state it is no longer a common-law action and its extent and scope are regulated by statute. General Motors Acceptance Corp. v. Vaughn, 358 Ill 541, 547, 193 NE 483.

The issue before this court is what are the proper elements of damage in an action of this nature. It is the contention of the defendants that under Illinois law only certain types of damages can be recovered in a suit on a replevin bond, that the action is based on a contract and that the damages must be limited to compensation for actual loss related to the property covered by the writ of replevin. Defendant asserts that the court awarded excessive damages for loss of use because they were

214

not reasonably compensatory and that the trial court erred in awarding damages for personal property not covered by the writ of replevin. Plaintiff's theory is that he is allowed to recover *all* costs and damages occasioned by the suing out of the writ of replevin and urges that the trial court committed no error in its assessing damages for the various elements of claimed loss.

While we have some difficulty in determining exactly how the lower court arrived at the damages awarded, it appears that the damages awarded were for the loss of use and damage and depreciation, not only to the mobile home, but to certain personal property located therein. Further damages were awarded for attorney's fees and costs incurred in defending the original replevin suit and, finally, a sum was awarded for the nervous breakdown suffered by Mrs. Montgomery as the alleged result of the seizure of the mobile home.

 Plaintiffs may recover damages for injury to the replevied property, its depreciation in value while unlawfully detained from them, damages for loss of use during the time of such detention, and for the amount of attorney's fees, costs and expenses necessarily expended or incurred in defending their right to the property and securing the return thereof. Dalby v. Campbell, 26 Ill App 502, 504. It should be noted that plaintiff is not entitled to recover attorney's fees incurred in the prosecution of a suit on the surety bond. Washburne v. Burke, 84 Ill App 587, 588, 589. Nor are plaintiffs entitled to recover vindictive or punitive damages in a suit on the replevin bond, as it is an action ex contractu and not in tort. Dalby v. Campbell, supra. The bonding company's liability is of a contractual nature and, thus, it may differ from the nature of the principal's liability. Westbrooks v. Finley, 11 Ill App2d 428, 432, 138 NE2d 77. The undertaking of the surety is to be strictly construed. Danford v. Watkins, 337 Ill 222, 231, 168 NE 912. It was, there-

fore, error to award any damages for the personal property which was seized but was not described in the writ. Nor may the plaintiffs recover for pain and suffering in an action on the bond. A claim for such damages sounds in tort and presents different issues than does a suit on the surety bond. In Kapischki v. Koch, 180 Ill 44, 46, 54 NE 179, the court stated:

> "The unauthorized seizure and retention of the goods vested appellant with the right to institute an action in trespass, in which he could recover compensatory damages, and, if the evidence disclosed a proper case, vindictive damages also, or an action on the replevin bond, in which he could recover compensatory damages, but not exemplary or vindictive damages. Each of these remedies proceeds upon the same cause of action, and the remedies were consistent and concurrent. While the different remedies are available to the appellant, the cause of action was the same, and was an entirety, and could not be divided into separate and distinct claims, and both remedies pursued. The appellant was required to elect his remedy, and could not split his right to recover damages and maintain two actions against the appellees upon the same cause of action."

██ The obligation of the surety on the bond is, by the terms of the statute itself, directly related to the value of the property and the liability of the surety is limited to damages occurring to the property and resulting from the loss of its use. The trial court erred in awarding damages to the plaintiffs resulting from Mrs. Montgomery's nervous breakdown.

 Defendants finally contend that the damages awarded for the loss of use are excessive as they are not compensatory. In this case we are of the opinion that the damages for loss of use should be limited to the

cost of finding substitute living quarters during the period from the wrongful seizure and detention of the trailer until its return. From the record below, it appears that the plaintiffs were awarded $2,469.90 for "incurred damages through the loss, temporary and permanent, of the personal property, and incurred damages by the abuse, destruction and extraordinary depreciation to which their house trailer was subjected" from the period of October 25, 1965, to May 25, 1966. The record reveals the trailer was seized on October 25, 1965, and returned on January 5, 1966. Plaintiffs are clearly entitled to damages for the depreciation of the house trailer suffered during that period and for loss of use of the trailer during that period. They are not entitled to damages for loss of use after possession of the trailer was returned to them nor are they in this action entitled to damages for the loss resulting from the seizure of personal property which was not specifically covered by the writ. Sacks v. American Bonding Co., 340 Ill App 564, 580, 581, 92 NE2d 510.

For the reasons above stated, this cause is reversed and remanded for hearings consistent with this opinion.

Reversed and remanded.

DAVIS, P. J. and BURT, J., concur.