## City of Waverly v. Ernest B. Reesor, an Infant who Sues by his Next Friend.

1. MUNICIPAL CORPORATIONS—*Duty to Keep Sidewalks in a Reasonably Safe State of Repair for the Use of Children at Play.*—A child may be lawfully upon the sidewalk of a city for play, and the city owes the same duty to have such sidewalk in a reasonably safe state of repair for such use by the child that it does for the use of persons passing over it in going to and from their places of business and abode.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

A. L. HAMILTON and M. T. LAYMAN, attorneys for appellant.

MORRISON, WORTHINGTON & REEVE, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee, a boy thirteen years of age, while running along one of appellant's sidewalks, with a boy nine years old upon his back, was tripped and thrown to the ground by a loose plank with such violence as to break his left arm. In a suit charging appellant with negligence in allowing the sidewalk to get and remain in bad repair, he, in a trial by

the court without a jury, recovered a judgment for $250. In seeking a reversal of the judgment, appellant contends that the negligence charged against it was not proven, that appellee was, himself, guilty of negligence which contributed to his injury, and that the court erred in refusing certain propositions of law and in modifying others that were tendered.

There was some conflict in the evidence as to the condition of the walk at and near the place where appellee fell, but the preponderance shows that for months prior to appellee's injury some of the stringers had become decayed, boards had become loosened from the stringers and that it was the flying up of one of the loose boards, when stepped upon, that caused appellee to fall. The declaration alleges that the cause of appellee's fall was the giving way and breaking of one of the loose boards or planks. It is claimed that because appellee testified that the loose plank flew up and threw him and did not claim that it broke, there was a fatal variance between the declaration and the proofs. The contention is a case of "hair splitting." The negligence charged and proven was the allowing of decayed stringers to remain whereby the cross planks became loose and dangerous. The cause of the injury as alleged and proven was one of the loose planks; and we can see no material difference as to the liability of the city under the allegation, whether in fact the loose plank threw the appellee to the ground by flying up broken or unbroken.

Appellee was romping and playing with other boys at the time he met his injury. It is claimed that in doing so, and especially in carrying another boy upon his back, which enhanced the danger of injury in case of falling, he was not in the exercise of ordinary care for his own safety but was guilty of contributory negligence. We can not take that view of the case. The additional weight of the boy on his back doubtless increased the violence of appellee's fall when he sought to protect his body by throwing his left arm and hand under him. It may be that had both his hands been disengaged and had he been free from the additional weight

of the other boy he would have fallen without serious injury. But we are not inclined to hold that the carrying of the other boy on his back constituted contributory negligence, although done in play. In City of Chicago v. Keefe, 114 Ill. 222, it was held that a sidewalk is for the use of persons, whether passed over for business, for pleasure or merely to gratify idle curiosity. A child may be lawfully on the sidewalk for play, and the city owes the same duty to have it in a reasonably safe state of repair in respect to such use by the child that it does in respect to the use of it by persons passing over it in going to and from their places of business and abode. Entertaining this view, the court below refused to hold as law the sixth and seventh propositions tendered by appellant. The modifications of given propositions of law were slight and were not erroneous. Judgment affirmed.