## Village of Bath v. Edmund Blake, by his Next Friend.

1. SIDEWALKS—*Use of, in This State.*—The sidewalks and streets of incorporated cities and villages in this State are for the use of persons, whether passing over them for business, pleasure, or merely to gratify idle curiosity.

2. SAME—*Children May be Lawfully at Play upon.*—A child may be lawfully on a sidewalk for play, and the city owes the same duty to have it in a reasonably safe state of repair in respect to such use by a child, that it does in respect to the use of it by persons passing over it in going to and from their places of business and abode.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Mason County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

I. R. BROWN, attorney for appellant.

R. W. MILLS and H. R. NORTRUP, attorneys for appellee; EDWARD CLIFFORD, of counsel.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellee against appellant, tried by jury in the Circuit Court of Mason county, and resulted in a verdict and judgment in favor of appellee for $500. Appellant brings the case to this court upon appeal and urges us to reverse the judgment upon the alleged grounds that the court admitted improper and excluded proper evidence; gave improper and refused proper instructions, and that the verdict is not supported by the evidence.

The declaration charged the officers of appellant with negligently permitting a hole two or three inches wide, and two or three feet long, to remain for a long time on one of the street crossings in the appellant village; and that appellee got his foot into it while passing over the crossing and fell and broke his leg.

The evidence shows that there was a hole on the crossing as claimed in the declaration, and that it had been there a

long time, and that about twilight, appellee, a boy about eight years old, was playing tag with another boy, and while running over the crossing got his foot into the hole, causing him to fall and break his leg.

Counsel for appellant's chief contention is, that because appellee was playing tag on the street, he was not exercising such care as entitles him to recover, but in that we can not concur; for, as we held in City of Waverly v. Reesor, 93 Ill. App. 649, the sidewalks and streets of incorporated cities and villages in this State are for the use of persons, whether passing over them for business, pleasure, or merely to gratify idle curiosity; and "a child may be lawfully on the sidewalk for play, and the city owes the same duty to have it in reasonably safe state of repair, in respect to such use by a child, that it does in respect to the use of it by persons passing over it in going to and from their places of business and abode."

A careful examination of the rulings of the court upon the evidence and instructions convinces us that no prejudicial error was committed against appellant in any of them, and the record shows that the verdict and judgment are abundantly supported by the evidence, so the latter will be affirmed.