**Anna Koepke, Administratrix, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.**

**Gen. No. 6,128.  (Not to be reported in full.)**

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Action by Anna Koepke, as administratrix of the estate of her husband, Herman Koepke, plaintiff, against the Chicago, Rock Island & Pacific Railway Company, defendant, to recover damages for the death of the husband. From a judgment for plaintiff for $7,200, defendant appeals.

It was alleged in the declaration that the deceased was killed while engaged as car inspector's helper, in the line of his duty, by the negligence of defendant's servants, and the liability of defendant was based upon the provisions of the Federal act relating to the liability of common carriers engaged in interstate business to their employees.

The negligence charged was that the defendant, by its servants, negligently managed a switch engine and the switching which was done by defendant's servants in connection with the distribution of a string of cars, around some of which the deceased was employed; that defendant's servants, who were managing the switching and the switch engine at the time in question, did not exercise reasonable care to ascertain whether the deceased was endangered by their work, nor give him any warning of the danger incurred, and that defendant's servants negligently failed to set the brakes of the string of cars in question, and that thereby such

cars got into motion, unexpectedly, and ran into the deceased.

There was a trial by jury, which resulted in a verdict finding the defendant guilty and assessing the damages in the sum of $7,200, and the damages were apportioned equally between Anna Koepke, the widow, and Helen Koepke, the only child of the deceased. The jury made a special finding to the effect that the total amount of damages suffered was $8,000, and they deducted $800 therefrom for contributory negligence of which they found the deceased guilty. Judgment was rendered on the verdict and, upon appeal, it was attacked principally on the ground that the cause of the death of plaintiff's intestate was a part of the risk and danger assumed by him, by his contract of employment; that the damages were excessive, and that the jury, who found that the plaintiff's intestate was guilty of contributory negligence, did not deduct a sufficiently large proportion from the whole amount of damages found, on account of such contributory negligence.

JACKSON, HURST & STAFFORD, for appellant; M. L. BELL and A. B. ENOCH, of counsel.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 693*—*when evidence sufficient to show that cars striking car repairer at work in front of detached car were pushed with unusual violence.* In an action under the Federal Employers' Liability Act for the negligent death of an assistant car repairer who was caught between the buffer of a standing mail car which had been detached from the train by a road engine and which he was inspecting, and the buffer of the foremost car

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Koepke v. Chicago, Rock Island & Pacific R. Co., 200 Ill. App. 247.

of the rest of the train upon which a switch engine was working
at the other end to "cut off" two coaches, evidence *held* sufficient
to sustain a finding that the switch engine bumped against the
standing cars, during the operation of cutting off such coaches, with
such violence and unusual force as to cause the string of cars to
move to the place where decedent was working.

2.   MASTER AND SERVANT, § 337*—*what risks employee does not
assume.*   An employee assumes only the ordinary risks and dangers
of his employment and does not assume extraordinary or unusual
risks thereof.

3.   MASTER AND SERVANT, § 337*—*when assistant car inspector
does not assume risk of being struck by cars during switching op-
erations.*   An assistant railway car inspector, who, after a mail
car has been detached from the rest of a passenger train by a road
engine and moved from four to six feet from the rest of the cars
standing on the track, is working in front of the buffer of the car
inspecting it, does not assume the unusual and extraordinary risk
of being struck by the foremost car of the rest of the train which,
with other cars, is set in motion as the result of a switch engine
working at the other end of the train bumping against the standing
cars with unusual violence, as such a risk is an extraordinary one.

4.   NEGLIGENCE, § 74*—*when person not bound to anticipate neg-
ligence of another.*   The law does not impose upon one to antici-
pate the negligence of another, as it is presumed that every person
will properly perform the duty which is enjoined upon him by law
or imposed by contract.

5.   MASTER AND SERVANT, § 716*—*when negligence of defendant in
cutting off coaches from cars moving against car repairer question
for jury.*   In an action for the alleged negligent death of an as-
sistant car repairer as the result of being caught between the
buffer of a detached mail car and the foremost car of the rest
of the train, while inspecting the detached car, as the result of the
moving of the string of cars against him, upon their being struck
by a switch engine during the operation of cutting off two coaches
from the other end of the train, *held* that it was a question for the
jury whether defendant was guilty of negligence.

6.   MASTER AND SERVANT, § 759*—*when contributory negligence of
car repairer standing between mail car and rest of train question
for jury.*   In an action for the negligent death of an assistant car
repairer who was killed by being crushed between a detached mail
car, which he was inspecting, and the rest of the train, from
which two coaches were being "cut off" by a switch engine work-
ing at the other end of the train, as the result of the engine strik-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

250    APPELLATE COURTS OF ILLINOIS.

The People v. School Directors of District No. 89, 200 Ill. App. 250.

ing the cars with such force as to set them all in motion, *held* that it was a question for the jury whether the deceased was guilty of contributory negligence in being in the position he was at the time of the accident.

7.    MASTER AND SERVANT, § 98*—*what is effect of contributory negligence on right of recovery under Federal Employers' Liability Act.* Under the Federal Employer's Liability Act, contributory negligence does not bar the right of recovery, but affects the amount of damages which may be recovered, and the damages are to be diminished by the jury in proportion to the amount of negligence attributable to the employee.

8.    DEATH, § 63*—*when damages for negligent death not excessive.* In an action for negligent death under the Federal Employers' Liability Act, a verdict for $7,200 upon reduction of $800 for the contributory negligence of the plaintiff, *held* not excessive nor disproportionate.