CHICAGO—FIRST DISTRICT—FEBRUARY, 1917.   439

Kittier v. Chicago & Western Indiana R. Co., 203 Ill. App. 439.

## Mary Kittier, Administratrix, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant.

### Gen. No. 21,803. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 9, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Mary Kittier, as administratrix of the estate of Charles P. Kittier, deceased, plaintiff, against Chicago & Western Indiana Railroad Company, Chesapeake & Ohio Railway Company of Indiana and Chicago City Railway Company, defendants, to recover damages for alleged wrongful killing of the deceased. From a verdict and judgment against the Chicago & Western Indiana Railroad Company and assessing damages of plaintiff at $10,000, and finding the other defendants not guilty, said company appeals.

WORTH E. CAYLOR, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 48*—*when is proximate cause of injury*. Negligence may be the proximate cause of an injury of which it is not the sole cause, and if one party's negligence concurred with some other event, other than the fault of the injured party, to produce the injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

closely connected with the injury in the order of events, such party is responsible, even though his negligent act was not the nearest cause in order of time.

2. RAILROADS, § 738*—*when evidence is sufficient to sustain finding that street car motorman is not guilty of contributory negligence.* In an action to recover damages because of the death of a street car motorman who was killed after he had started his car forward across an intersecting track upon a signal from his conductor and after the railroad gates were raised, evidence *held* sufficient to warrant the finding of the jury that the deceased was not contributorily negligent.

3. NEGLIGENCE, § 74*—*when no duty exists to anticipate.* Anticipation of negligence in another is not a duty which the law imposes.

4. RAILROADS, § 625*—*what constitutes implied invitation by gateman for street car motorman to cross tracks.* When a railroad gateman raises his gates it is an implied invitation from him to a waiting motorman on a street car on an intersecting track to proceed to cross the railroad tracks.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when refusal of instruction as to unavailability of defenses of assumed risk, etc. is not reversible error.* In an action against three defendants to recover damages for alleged wrongful killing, *held* not reversible error to refuse an instruction requested by one defendant that the defenses of assumed risk, fellow-servant and contributory negligence were not available to a codefendant, the employer, found not guilty, because it had elected not to come under the Workmen's Compensation Act, where there was nothing in the record intimating that such defenses were not available as to such codefendant who alone was found guilty.

6. JUDGMENT, § 217*—*when refusal of motion in arrest of judgment is not error.* The mere fact that the declaration in an action to recover damages because of death contains in each count two separate causes of action, one against one defendant under the Workmen's Compensation Act and one against another defendant under the Death by Wrongful Act Statute, does not make the refusal of motion in arrest of a judgment against the latter defendant alone erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.