(No. 4121 

LOUISE COURTNEY, A MINOR, BY CLEM COURTNEY, HER FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

JAMES O. MONROE AND JOSEPH R. BARTYLAK, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Louise Courtney, a minor, by Clem Courtney, her father and next friend, seeks to recover the sum of $2,500.00 for injuries sustained by her allegedly as the result of the negligence of respondent.

Previously an opinion was filed in this case, one justice dissenting, denying an award. On petition of claimant we granted a rehearing, and we have now reached the conclusion that our original opinion was in error and that claimant is entitled to an award in the sum of $2,500.00.

On October 5, 1946, in the forenoon, claimant, then

nine years of age, and a playmate, Gloria Jeanne Lutz, while going to claimant's home from a nearby grocery store, were walking along Highway No. 157, near Caseyville, Illinois. The two children proceeded in a northerly direction along the right side of the highway and started across a viaduct on the highway over the tracks of the Pennsylvania Railroad. For some distance from each end and for the entire length of the viaduct the paved portion of the highway was forty feet wide. The normal eighteen foot width of the highway connected directly with the forty foot portion.

At the southeasterly corner of the span of the viaduct, a concrete stairway led down to the level of the railroad tracks through a four foot opening on the easterly side of the highway between the end of the concrete abutment of the viaduct and the timber fence bordering the highway. The stairway ran in a northeasterly direction away from the viaduct and at the top of the stairway there was a sloping concrete platform approximately flush with the four inch curb. This platform was less than two feet wide at its north end and approximately three feet, six inches wide at the south end. This irregular shape was due to the angling of the stairway away from the viaduct at other than right angle. The stairway contained thirty-nine steps.

A metal pipe handrail ran the full length of the northerly side of stairway starting from a perpendicular pipe set in concrete at the northeast corner of the platform. There had once been a similar handrail along the southerly side of the stairway, but it had been broken off or stolen some time prior to October 5, 1946. The only portion of the southerly handrail fixtures that remained were four "stobs" or projections of pipe set in concrete about two inches high and two inches in diam-

eter, one of which was located in the southeast corner of the stairway platform, six inches from the easterly edge and three inches from the southerly edge. These "stobs" were threaded so that pieces of pipe could be screwed into them as uprights for the handrail and the handrail when in place would rest on the top of the uprights.

The highway, viaduct, stairway and approaches were all under the control of respondent through the Department of Public Works and Buildings, Division of Highways. Respondent knew for some time prior to October 5, 1946, that the handrail was missing and that the "stob" on the stairway platform stuck up at the southeast corner thereof.

As claimant and her friend approached the gap at the stairway platform, a car coming from behind caused both of them to step onto the platform to be certain they were out of the way, since there was no sidewalk on the viaduct or leading thereto. The Lutz child stepped on the narrow northerly portion of the concrete platform by the handrail and claimant stepped on the broader southerly portion and in so doing her foot struck the "stob" imbedded in concrete and she tripped and fell the full length of the thirty-nine steps, sustaining severe injuries, including a fractured skull, concussion of brain, compression of skull and eye injuries.

Claimant was immediately taken to St. Mary's Hospital in East St. Louis, Illinois, where she remained in a coma for two weeks, and was hospitalized for six weeks. Her medical and hospital bills amounted to approximately $500.00.

At the time of the hearing, claimant had a disfiguring scar on her head. Her forehead was somewhat deformed, and her head still contained a depression. She

had missed one entire school term due to her injuries and long convalescence.

The above facts are not seriously disputed, but the inferences to be drawn from them are. Respondent's chief ground of argument is that claimant has not proven freedom from contributory negligence and, therefore, an award must be denied for failure to prove this *sine qua non* of Illinois law. Since this Court must function as both judge and jury, we hold that both as a matter of law and of fact, claimant was not guilty of contributory negligence.

Claimant was nine years of age at the time of the accident. A child between the age of seven and fourteen years is only held to a standard of care commensurate with that of children of like age, experience and understanding. *Hughes* v. *Medendorp*, 294 Ill. App. 424; *Moser* v. *E. St. L. & Int. Water Co.*, 326 Ill. App. 542; *Levin* v. *Lauterbach Coal & Ice Co.*, 329 Ill. App. 180.

The concrete platform was to all intents and purposes a sidewalk. That was what it was intended to be used for. For claimant it served not only such purpose but as an island of safety from a danger which reasonably she apprehended due to the approach of a car behind her. She had a right to use the platform for either purpose. Courts in this State have held that children may use sidewalks for purposes of play and recreation in addition to normal usages. *Waverly* v. *Reeser*, 93 Ill. App. 649; *City of Chicago* v. *Cohen*, 139 Ill. App. 244.

The negligence of others need not be anticipated either by adults or children. *Koepke* v. *Chicago, R. I. & P. Ry. Co.*, 200 Ill. App. 247; *Kittier* v. *Chi. & W. Ind. R. Co.*, 203 Ill. App. 439.

A person using a sidewalk may ordinarily assume it is in reasonably safe condition and need not keep his eyes

fixed on the pavement to search out defects and dangers. *Graham* v. *City of Chicago*, 346 Ill. 638.

In *City of McLeansboro* v. *Trammel*, 109 Ill. App. 524, 526, the Court said:

"A failure to look at one's pathway does not necessarily preclude recovery."

And in *City of Chicago* v. *Babcock*, 143 Ill. 358, 363, the Court said:

"A person passing along a sidewalk . . . is required to use ordinary and reasonable care and diligence to avoid danger, but what is ordinary and reasonable care depends upon the circumstances of each particular case . . . A pedestrian upon such sidewalk may ordinarily assume that the sidewalk is in a reasonably safe condition for travel. To hold that such person is absolutely bound to keep his or her eyes constantly fixed on the sidewalk in a search for possible holes or other defects, would be to establish a manifestly unreasonable and wholly impracticable rule. . . ."

On the authority of the above cited cases, claimant was not guilty of contributory negligence and respondent was guilty of negligence in not warning of the danger inherent in the "stob" and the missing handrail. With knowledge of such defects, respondent is liable. *Pomprowitz* v. *State*, 16 C.C.R. 230; *Jessup* v. *State*, 16 C.C.R. 227; *Toler* v. *State*, 16 C.C.R. 315; *Rickleman* v. *State*, No. 4195, opinion filed October 20, 1949; *City of Taylorville* v. *Stafford*, 196 Ill. 288.

The last cited case is somewhat similar on the facts to this case in that plaintiff therein tripped over a "stob" in a sidewalk. The Court therein assumed that plaintiff could recover on the facts proven and discussed only the proof required to show knowledge on the part of defendant of the existence of the dangerous and defective condition of the sidewalk.

From the foregoing we hold that claimant has proven her case by a preponderance of the credible evidence. To deny recovery in this case would be to disregard all

facts and reasonable inferences therefrom and to run counter to the purport of the above cited cases. Respondent has called to our attention no authorities which are contrary to those we have cited.

However, respondent does contend that, since claimant was walking on the right and not the left side of the highway prior to the accident, she was in violation of Chapter 95½, Section 175 of the Uniform Act Regulating Traffic on Highways and should be barred from recovery. Although the applicability of said statute to claimant is doubtful, since she was on the concrete platform at the time of the accident and since she was not struck by a vehicle, the courts in this State have, under facts similar to those in this case, held that claimant would not be contributorily negligent as a matter of law. *Blumb* v. *Getz,* 366 Ill. 273; *Alden* v. *Coultrip,* 275 Ill. App. 306; *Rowley* v. *Rust,* 304 Ill. App. 364.

As to the issue of damages we feel that claimant in any court would be entitled to more than $2,500.00, because of the seriousness and permanency of her injuries, but Section 8 C of the Court of Claims Act, Ill. Rev. Stat. 1949, Chapter 37, Section 439.8, limits our award to such amount in cases sounding in tort. That such recovery is limited should not make the citizens of this State lose sight of the fact that some recovery is now permitted in types of cases where prior to the 1945 Court of Claims Act awards were uniformly denied.

An award is, therefore, entered in favor of Louise Courtney, a minor, by Clem Courtney, her father and next friend, in the amount of $2,500.00.